## SOUTHERN PACIFIC COMPANY *v.* DENTON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

No. 403. Submitted November 7, 1892. — Decided November 21, 1892.

Under the act of March 3, 1887, c. 373, § 1, as corrected by the act of August 13, 1888, c. 866, a corporation incorporated in one State only, and doing business in another State, is not thereby liable to be sued in a Circuit Court of the United States, held in the latter State.

The want of the requisite citizenship of parties to give jurisdiction to a Circuit Court of the United States, when apparent on the face of the petition, may be taken advantage of by demurrer.

An objection to the jurisdiction of a Circuit Court of the United States, for want of the requisite citizenship of the parties, is not waived by filing a demurrer for the special and single purpose of objecting to the jurisdiction, or by answering to the merits upon that demurrer being overruled.

The right of a corporation, sued in a Circuit Court of the United States, to contest its jurisdiction for want of the requisite citizenship of the parties, is not affected by a statute of the State in which the court is held, requiring a foreign corporation, before doing business in the State, to file with the secretary of state a copy of its charter, with a resolution authorizing service of process to be made on any officer or agent engaged in its business within the State, and agreeing to be subject to all the provisions of the statute, one of which is that the corporation shall not remove any suit from a court of the State into the Circuit Court of the United States; nor by doing business and appointing an agent within the State under that statute.

A statute of a State, which makes an appearance in behalf of a defendant, although in terms limited to the purpose of objecting to the jurisdiction of the court, a waiver of immunity from jurisdiction by reason of non-residence, is not applicable to actions in a Circuit Court of the United States, held within the State, under Rev. Stat., § 914.

MOTION to dismiss or to affirm. The case is stated in the opinion.

*Mr. D. A. McKnight* for the motion.

*Mr. J. Hubley Ashton* opposing.

Mr. Justice Gray delivered the opinion of the court.

This was an action brought January 29, 1889, in the Circuit Court of the United States for the Western District of Texas, against the Southern Pacific Company, by Elizabeth Jane Denton, to recover damages to the amount of $4970, for the death of her son by the defendant's negligence near Paisano in the county of Presidio on January 31, 1888. The petition alleged that "the plaintiff is a citizen of the State of Texas, and resides in the county of Red River, in said State; that the defendant is a corporation duly incorporated under the laws of the State of Kentucky, is a citizen of the State of Kentucky, and is and at the institution of this suit was a resident of El Paso County, in the State of Texas;" that at the day aforesaid and ever since "the defendant was and is engaged in the business of running and propelling cars for the conveyance of freight and passengers over the line of railway extending eastwardly from the city of El Paso, Texas, into and through the counties of El Paso and Presidio and the city of San Antonio, all of the State of Texas; that the defendant is now doing business as aforesaid, and has an agent for the transaction of its business in the city and county of El Paso, Texas, to wit, W. E. Jessup." The county of Red River is in the Eastern District, and the counties of El Paso and Presidio as well as the county of Bexar in which is the city of San Antonio, are in the Western District of Texas. Act of February 24, 1879, c. 97, §§ 2, 3; 20 Stat. 318.

The defendant, by leave of court, filed "an answer or demurrer," "for the special purpose and no other, until the question herein raised is decided, of objecting to the jurisdiction of this court," demurring and excepting to the petition, because upon the allegations above quoted "it appears that this suit ought, if maintained at all in the State of Texas, to be brought in the district of the residence of the plaintiff, that is to say, in the Eastern District of Texas; and the defendant prays judgment whether this court has jurisdiction, and it asks to be dismissed with its costs; but, should the court overrule this demurrer and exception, the defendant then asks time

and leave to answer to the merits, though excepting to the action of the court in overruling said demurrer."

The court overruled the demurrer, and allowed a bill of exceptions tendered by the defendant, which stated that the defendant by the demurrer raised the question of the jurisdiction of the court; "and that the court, having inspected the same, as well as the pleadings of the plaintiff, and it appearing therefrom that the plaintiff is alleged to be a citizen of Texas, residing in Red River County, in the eastern judicial district of said State and that the defendant is a corporation created and existing under and by virtue of the laws of Kentucky, and is a citizen of that State, but operating a line of railway, doing business in and having an agent on whom process may be served in the county and judicial district in which this suit is pending, and the court, being of opinion that the facts alleged show this cause to be in the district of the residence of the defendant, and that it ought to take cognizance of the same, overruled said demurrer."

The defendant, after its demurrer had been overruled, answered to the merits, and a trial by jury was had, resulting in a verdict and judgment for the plaintiff in the sum of $4515. The defendant, on May 10, 1890, sued out this writ of error on the question of jurisdiction only, under the act of February 25, 1889, c. 236; 25 Stat. 693. The plaintiff has now moved to dismiss the writ of error or to affirm the judgment, and the motion has been submitted on briefs under Rules 6 and 32 of this court.

By the act of March 3, 1887, c. 373, § 1, as corrected by the act of August 13, 1888, c. 866, "No person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States suits shall be brought only in the district of the residence of either the plaintiff or the defendant." 24 Stat. 552; 25 Stat. 434.

This is a case " where the jurisdiction is founded only on the fact that the action is between citizens of different States." The question whether under that act the Circuit Court of the United States for the Western District of Texas had jurisdiction of the case is a question involving the jurisdiction of that court, which this court is empowered, by the act of February 25, 1889, c. 236, to review by writ of error, although the judgment below was for less than five thousand dollars.

The allegations made in the petition, and admitted by the demurrer, bearing upon this question, are that the plaintiff was a citizen of Texas and resided in the Eastern District thereof, and that the defendant was a corporation incorporated by the law of Kentucky and a citizen of that State, and was a resident of the Western District of Texas, doing business and having an agent in this district. The necessary legal effect of these allegations is that the defendant was a corporation and a citizen of Kentucky only, doing business in the Western District of Texas; and consequently could not be compelled to answer to an action at law in a Circuit Court of the United States, except either in the State of Kentucky, in which it was incorporated, or in the Eastern District of Texas, in which the plaintiff, a citizen of Texas, resided. It has long been settled that an allegation that a party is a " resident" does not show that he is a " citizen," within the meaning of the Judiciary Acts; and to hold otherwise in this case would be to construe the petition as alleging that the defendant was a citizen of the same State with the plaintiff, and thus utterly defeat the jurisdiction. The case is governed by the decision of this court at the last term, by which it was adjudged that the act of 1887, having taken away the alternative, permitted in the earlier acts, of suing a person in the district " in which he shall be found," requires an action at law, the jurisdiction of which is founded only upon its being between citizens of different States, to be brought in the State of which one is a citizen, and in the district therein of which he is an inhabitant and resident; and that a corporation cannot, for this purpose, be considered a citizen or a resident of a State in which it has not been incorporated. *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 449, 453.

It may be assumed that the exemption from being sued in any other district might be waived by the corporation, by appearing generally, or by answering to the merits of the action, without first objecting to the jurisdiction. *St. Louis & San Francisco Railway* v. *McBride*, 141 U. S. 127; *Texas & Pacific Railway* v. *Cox*, 145 U. S. 593.

But in the present case there was no such waiver. The want of jurisdiction, being apparent on the face of the petition, might be taken advantage of by demurrer, and no plea in abatement was necessary. *Coal Co.* v. *Blatchford*, 11 Wall. 172. The defendant did file a demurrer, for the special and single purpose of objecting to the jurisdiction; and it was only after that demurrer had been overruled, and the defendant had excepted to the overruling thereof, that an answer to the merits was filed. Neither the special appearance for the purpose of objecting to the jurisdiction, nor the answer to the merits after that objection had been overruled, was a waiver of the objection. The case is within the principle of *Harkness* v. *Hyde*, in which Mr. Justice Field, speaking for this court, said: "Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when being urged it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection, because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived." 98 U. S. 476, 479.

The case at bar is not affected by either of the statutes of Texas on which the counsel for the defendant in error relies.

He contends that the plaintiff in error had consented to be sued in the Western District of Texas by doing business and appointing an agent there under the statute of Texas of 1887, c. 128, requiring a foreign corporation, desiring to transact business in the State, "to file with the Secretary of State a certified copy of its articles of incorporation, duly attested, accompanied by a resolution of its board of directors or stock-

holders, authorizing the filing thereof, and also authorizing service of process to be made upon any of its officers or agents in this State engaged in transacting its business, and requesting the issuance to such corporation of a permit to transact business in this State, said application to contain a stipulation that said permit shall be subject to each of the provisions of this act," one of which was that any foreign corporation sued in a court of the State, which should remove the case into a court of the United States held within the State, "for the cause that such corporation is a non-resident of this State or a resident of another State from that of the adverse party, or of local prejudice against such corporation, shall thereupon forfeit and render null and void any permit issued or granted to such corporation to transact business in this State." General Laws of Texas of 1887, pp. 116, 117.

But that statute, requiring the corporation, as a condition precedent to obtaining a permit to do business within the State, to surrender a right and privilege secured to it by the Constitution and laws of the United States, was unconstitutional and void, and could give no validity or effect to any agreement or action of the corporation in obedience to its provisions. *Insurance Co.* v. *Morse,* 20 Wall. 445; *Barron* v. *Burnside,* 121 U. S. 186; *Texas Land Co.* v. *Worsham,* 76 Texas, 556. Moreover, the supposed agreement of the corporation went no further than to stipulate that process might be served on any officer or agent engaged in its business within the State. It did not undertake to declare the corporation to be a citizen of the State, nor (except by the vain attempt to prevent removals into the national courts) to alter the jurisdiction of any court as defined by law. The agreement, if valid, might subject the corporation, after due service on its agent, to the jurisdiction of any appropriate court of the State. *Lafayette Ins. Co.* v. *French,* 18 How. 404. It might likewise have subjected the corporation to the jurisdiction of a Circuit Court of the United States held within the State — so long as the Judiciary Acts of the United States allowed it to be sued in the district in which it was found. *Ex parte Schollenberger,* 96 U. S. 369; *New England Ins. Co.* v.

*Woodworth*, 111 U. S. 138; *In re Louisville Underwriters*, 134 U. S. 488. But such an agreement could not, since Congress (as held in *Shaw* v. *Quincy Mining Co.* above cited) has made citizenship of the State, with residence in the district, the sole test of jurisdiction in this class of cases, estop the corporation to set up non-compliance with that test, when sued in a Circuit Court of the United States.

It is further contended, on behalf of the defendant in error, that the case is controlled by those provisions of the statutes of Texas, which make an appearance in behalf of a defendant, although in terms limited to the purpose of objecting to the jurisdiction of the court, a waiver of immunity from the jurisdiction by reason of non-residence; and which have been held by this court not to violate the Fourteenth Amendment of the Constitution of the United States, forbidding any State to deprive any person of life, liberty or property without due process of law. Rev. Stats. of Texas of 1879, arts. 1241–1244; *York* v. *State*, 73 Texas, 651; *S. C. nom. York* v. *Texas*, 137 U. S. 15; *Kauffman* v. *Wootters*, 138 U. S. 285; *St. Louis &c. Railway* v. *Whitley*, 77 Texas, 126; *Ætna Ins. Co.* v. *Hanna*, 81 Texas, 487.

But the question in this case is not of the validity of those provisions as applied to actions in the courts of the State, but whether they can be held applicable to actions in the courts of the United States. This depends on the true construction of the act of Congress, by which "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding, existing at the time in like causes in the courts of record of the State within which such Circuit or District Courts are held." Rev. Stats. § 914; act of June 1, 1872, c. 255, § 5; 17 Stat. 197.

In one of the earliest cases that arose under this act, this court said: "The conformity is required to be 'as near as may be'—not as near as may be possible, or as near as may be practicable. This indefiniteness may have been suggested by a purpose: it devolved upon the judges to be affected the

duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such State statutes which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals." *Indianapolis & St. Louis Railroad* v. *Horst*, 93 U. S. 291, 300, 301.

Under this act, the Circuit Courts of the United States follow the practice of the courts of the State in regard to the form and order of pleading, including the manner in which objections may be taken to the jurisdiction, and the question whether objections to the jurisdiction and defences on the merits shall be pleaded successively or together. *Delaware County* v. *Diebold Safe Co.*, 133 U. S. 473, 488; *Roberts* v. *Lewis*, 144 U. S. 653. But the jurisdiction of the Circuit Courts of the United States has been defined and limited by the acts of Congress, and can be neither restricted nor enlarged by the statutes of a State. *Toland* v. *Sprague*, 12 Pet. 300, 328; *Cowles* v. *Mercer County*, 7 Wall. 118; *Railway Co.* v. *Whitton*, 13 Wall. 270, 286; *Phelps* v. *Oaks*, 117 U. S. 236, 239. And whenever Congress has legislated upon any matter of practice, and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of the legislation of the State upon the same matter. *Ex parte Fisk*, 113 U. S. 713, 721; *Whitford* v. *Clark County*, 119 U. S. 522.

The acts of Congress, prescribing in what districts suits between citizens or corporations of different States shall be brought, manifest the intention of Congress that such suits shall be brought and tried in such a district only, and that no person or corporation shall be compelled to answer to such a suit in any other district. Congress cannot have intended that it should be within the power of a State by its statutes to prevent a defendant, sued in a Circuit Court of the United States in a district in which Congress has said that he shall not be compelled to answer, from obtaining a determination of that matter by that court in the first instance, and by this court on writ of error. To conform to such statutes of a State would " unwisely encumber the administration of the

law," as well as " tend to defeat the ends of justice," in the national tribunals. The necessary conclusion is that the provisions referred to, in the practice act of the State of Texas, have no application to actions in the courts of the United States.

*Judgment reversed, and case remanded with directions to render judgment for the defendant upon the demurrer to the petition.*