CASE 40—PETITION ORDINARY—APRIL 12.

# Commonwealth v. East Tennessee Coal Co.

### APPEAL FROM WHITLEY CIRCUIT COURT.

POWER OF STATE TO PRESCRIBE TERMS UPON WHICH FOREIGN COR-
PORATIONS MAY DO BUSINESS.—A State has no power to require
a foreign corporation, as a condition precedent to its right to do
business in the State, to surrender its privilege of suing in the
Federal courts and of removing causes against it from the State
to the Federal courts, that privilege being guaranteed to it as a
citizen of another State by the constitution and laws of the United
States. Therefore, section 572 of the Kentucky Statutes, which
provides that "if any foreign corporation shall, without the
consent of the adverse party, remove to a Federal court any ac-
tion pending against it in any court of this State, or institute
an action against a citizen of this State in a Federal court of
this State, such action on the part of the corporation shall for-
feit its right to transact or carry on any business in this State,"
is unconstitutional.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The single question presented by this appeal is as to the constitu-
tionality of the Kentucky statutes forbidding the removal of
causes from State to Federal courts. The cases bearing upon
the subject are: Doyle v. Insurance Co., 94 U. S., 525; Barron v.
Burnside, 121 U. S., 186; Railroad v. Denton, 146 U. S., 207;
Martin v. Baltimore R. Co., 151 U. S., 684.

S. G. HEISKELL AND S. V. D. STOUT FOR APPELLEE.

Section 572 of the Kentucky Statutes is unconstitutional, because
it imposes upon foreign corporations doing business in Ken-
tucky, conditions which are repugnant to the Constitution and
laws of the United States. (Barron v. Burnside, 121 U. S., 186;
Ins. Co. v. Morse, 20 Wall., 445; Chicago, &c., R. Co. v. Becca, 32
Fed. Rep., 849; Doyle v. Ins. Co., 94 U. S., 535; Southern Pac. Co.,
v Denton, 146 U. S., 207; Martin v. Balt. & O. R. Co., 151 U. S.,
684.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This appeal involves the constitutionality of sec. 572 of
the Kentucky Statutes which is in these words, to-wit:

"If any foreign corporation shall, without the consent of the adverse party, remove to a Federal court any action pending against it in any court of this State, or institute an action against a citizen of this State in a Federal court of this State, such action on the part of the corporation shall forfeit its right to transact or carry on any business in this State; and such corporation, and any officer, agent or employe thereof, who shall thereafter transact or engage in any business or employment for such corporation in this State, shall be severally guilty of a misdemeanor, and, upon indictment and conviction in the circuit court of any county in which such corporation, or any officer, agent or employe thereof transacts or engages in any business, be fined for each offense not less than five hundred nor more than one thousand dollars."

Under this provision of the statutes, this action was brought by appellant in the Whitley Circuit Court for the purpose of having it judicially declared that appellee had forfeited its right to carry on business in Kentucky, and of enjoining it from doing so. In the petition, it is alleged that appellee is a foreign corporation, created by the laws of the State of Tennessee, but engaged for several years past in carrying on business in Whitley county in this State, and that on May 14, 1894, it had, by proper proceedings, procured the removal from the Whitley Circuit Court, of an action therein pending against it, to the Federal Court sitting at Frankfort, Ky., on the alleged ground that said suit involved a controversy between citizens of different States, and that this was done without the consent of the adverse party to said action. It is further alleged that, by this action, appellee has forfeited its right to carry on business in this State, but that, notwithstanding this fact, it is still engaged in carrying on its business in Whitley county, Ken-

tucky, and the court below is asked to decree the existence of the alleged forfeiture and to enjoin appellee from further continuing its said business in Kentucky.

To this petition a demurrer was filed by appellee setting forth, first, the usual grounds of a general demurrer, and presenting, as a second ground of demurrer, the fact that the petition shows on its face that appellant thereby seeks to impose on appellee conditions which are repugnant to the constitution and laws of the United States.

This demurrer was sustained by the court below, and appellant declining to plead further, its petition was dismissed, to which it excepted and prayed this appeal.

The sole question for our consideration, then, is, whether or not the section of the Kentucky Statutes above quoted, and upon which this action is based, is violative of the constitution or any of the laws of the United States, and to that question we will now briefly address ourselves.

It is manifest that the effect, as well as the purpose, of the statute in question, is to prevent the removal to a Federal court, by any foreign corporation doing business in this State, of any action brought against it in any court of this State. By the terms of the statute, the mere removal of the cause, without the consent of the adverse party, is made to operate as a forfeiture of all right on part of the corporation to transact any further business in this State, and it is thereby in effect excluded from doing business in the State.

The authority under which this right of removal is claimed by foreign corporations sued in a State court, is found in that provision of the Constitution of the United States, art. 3, sec. 2, which provides in effect that the judicial power of the United States shall extend to all controversies between citizens of different States and in the Acts of Congress, approved March 3, 1887, and August 13,

1888, passed in pursuance thereof regulating the removal of actions from State to Federal courts, and amending what is known as the Judiciary Act of 1789.

It is only necessary for us to say in this connection that, under this provision of the Federal Constitution and of these acts of the National Congress, the right is given to a citizen of another State, sued in one of the courts in this State, upon compliance with certain proceedings prescribed therein, and which it appears from this record were complied with by appellee, to remove the action from the State to the Federal Court. And as to the citizenship of appellee, in the meaning and for the purposes of invoking the provisions of the constitution and the laws referred to, it is only necessary to say that it has been frequently adjudged by the Supreme Court of the United States, and is now settled, that a corporation is a citizen of the State by which it is chartered and that this Tennessee corporation is, therefore, a citizen of a State other than Kentucky.

In view of these admitted and well-settled propositions, then, had the legislature of this State the constitutional power to pass the act in question and can the courts of this State legally enforce the provisions of this act which denies to foreign corporations the right to do business in this State, unless they surrender the privilege thus guaranteed to them under the constitution and laws of the United States?

For the affirmative of this proposition it is contended that each State has the right to prescribe the terms and conditions upon which the corporations of other States may carry on business within its borders, that a corporation has no right, except by permission, to carry on business at all in any State except that of its incorporation, that it is within the power of the several States to exclude from their limits

all foreign corporations, and to deny them the privilege of doing business within their boundaries; and that this being the case, the corporation going into a foreign State to carry on business, must do so subject to any and all restrictions, limitations and conditions which that State may see fit to put upon it.

We admit the force of this reasoning and, if no authorities were furnished us, or if the question were before us as an original one, we might be inclined to give it more consideration than now seems necessary.

But it appears that the Supreme Court of the United States has several times been called upon to pass upon cases involving similar questions; and that, while recognizing the general doctrine that a State has the power to exclude foreign corporations from its limits or to prescribe terms on which they may do business within its territory; yet, that tribunal has fixed a limit beyond which the State may not go in the exercise of this power, and that limit seems to be, that it shall not prescribe terms, the effect of which will be to deprive the corporation of a right guaranteed to it by the constitution or the laws of the United States.

In the case of LaFayette Insurance Co. v. French, 18 How., 407, that court says:

"A corporation created by Indiana, can transact business in Ohio, only with the consent, express or implied, of the latter State. This consent may be accompanied by such conditions as Ohio may think fit to impose, and these conditions must be deemed valid and effectual by other States and by this court, *provided*, they are not repugnant to the constitution and laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each State from encroachment by all

others; or that principle of natural justice which forbids condemnation without opportunity for defense."

This same principle and this same limitation upon the power of a State to impose upon foreign corporations conditions precedent to their right to do business within its limits, is recognized in the case of Ducat v. Chicago, 10 Wall., 410, where it was said that, the power of a State to discriminate between its own corporations and foreign corporations desirous of transacting business within its jurisdiction being clearly established, it belonged to the State to determine the nature and extent of the discrimination, "subject only to such limitations on her sovereignty as may be found in the fundamental law of the Union."

And again, in the case of Insurance Co. v. Morse, 20 Wall., 445, where the court had under consideration a statute of the State of Wisconsin, which required foreign insurance companies, desiring to transact business in that State, first to enter into and file an agreement, in writing, not to remove any suit from the State to the Federal court, after stating the proposition that the constitution of the United States declares, that the judicial power of the United States shall extend to controversies between citizens of different States, it is said by the court, that, "the jurisdiction of the Federal courts, under this clause of the constitution, depends upon, and is regulated by, the laws of the United States. State legislation can not confer jurisdiction upon the Federal courts, nor can it limit or restrict the authority given by Congress in pursuance of the constitution. This has been held many times."

And further on the opinion says: "On this branch of the case the conclusion is this:

"First. The constitution of the United States secures to citizens of another State than that in which suit is brought

an absolute right to remove their cases into the Federal Court, upon compliance with the Act of 1789.

"Second. The statute of Wisconsin is an obstruction to this right; is repugnant to the constitution of the United States and the laws in pursuance thereof and is illegal and void."

It is true that the subsequent case of Doyle v. Continental Insurance Co., 94 U. S., 535, has sometimes been considered as conflicting to some extent with the cases above referred to although the court in that case refers to, and expressly approves, the case of the Insurance Co. v. Morse, *supra*. And in the next succeeding case, that court disposes of Doyle v. Continental Insurance Co. by saying: "The point of the decision seems to have been that, as the State had granted the license, its officers would not be restrained by injunction, by a court of the United States, from withdrawing it. All that there is in the case beyond this, and all that is said in the opinion which appears to be in conflict with the adjudication in Insurance Co. v. Morse, must be regarded as not in judgment." Barron v. Burnside, 121 U. S., 199.

This last case involved the consideration of a statute of the State of Iowa, which denied to a foreign corporation the right to do business in that State, unless it would stipulate not to remove to the Federal Court any suit brought against it in the State Court, and the court in speaking to this point said: "Its right, equally with any individual citizen, to remove into the Federal Court, under the laws of the United States, such suits as are mentioned in the third section of the Iowa statute, is too firmly established by the decisions of this court to be questioned at this day; and the State of Iowa might as well pass a statute to deprive an individual citizen of another State of his right to remove such suits."

And in the conclusion of that opinion the court said: "In all the cases in which this court has considered the subject of the granting, by a State to a foreign corporation, of its consent to the transaction of business in the State, it has uniformly asserted that no conditions can be imposed by the State which are repugnant to the constitution and laws of the United States."

A similar statute was held unconstitutional and void by the same court in the later case of Southern Pacific Co. v. Denton, 146 U. S., 207; and then in the still later case of Martin v. Balt. & Ohio R. Co., 151 U. S., 684, decided at the October term, 1893, the same doctrine is enunciated in these words:

"The Baltimore & Ohio Railroad Company, not being a corporation of West Virginia, but only a corporation of Maryland, licensed by West Virginia to act as such within its territory, and liable to be sued in its courts, had the right under the constitution and laws of the United States, when so sued by a citizen of this State, to remove the suit into the Circuit Court of the United States; and could not have been deprived of that right by any provision in the statutes of the State."

From this review of the decisions of the Supreme Court of the United States, it would seem that there is no longer any question as to the invalidity of legislation such as this act we are now considering. Those decisions establish the doctrine that this right of removal is a constitutional privilege conferred by the constitution and laws of the United States upon every citizen of a State, foreign to the State in which the suit is brought, which would clearly embrace all foreign corporations; and any legislation on part of the State, by which it is proposed or designed to take away that privilege, even under the power of the State to fix

the terms upon which the corporation may enter that State, for the purpose of doing business, is unconstitutional and void.

In accordance with these views we adjudge that section 572 of the Kentucky Statutes is unconstitutional, and that the demurrer of appellee to the petition filed against it by appellant was properly sustained.

Wherefore, the judgment of the lower court dismissing appellant's petition is affirmed.