## PLATT v. MASSACHUSETTS REAL-ESTATE CO. et al.

### (Circuit Court, D. Massachusetts.  July 26, 1900.)

### No. 1,413.

1. JURISDICTION OF FEDERAL COURTS—DISTRICT OF BRINGING SUIT—WAIVER.

The provision of section 1 of the federal judiciary act of 1887–88 that, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant, does not affect the general jurisdiction of the court, where the requisite diversity of citizenship appears, but creates a personal exemption in favor of a defendant, which he may waive by agreement or consent, and which is waived by his entering a general appearance in a suit brought in a district other than either of those specified.

2. SAME—CORPORATIONS—CONSENT TO BE SUED IN ANOTHER STATE.

The compliance by a corporation with a statute of another state requiring a foreign corporation, as a condition of doing business therein, to appoint an attorney in that state upon whom all lawful processes in any action or proceedings against it may be served, and to agree that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served on the company, does not make such corporation a citizen or resident of the state, or constitute an agreement or consent that it may be sued in a federal court of that district by a plaintiff who is a resident of another district, where the jurisdiction is founded only on diversity of citizenship, but it may insist on the right given by the judiciary act of 1887–88 to be sued only in the district where it is incorporated, or that in which the plaintiff resides.

In Equity.  On motion to dismiss for want of jurisdiction.

Robert M. Morse, Wm. M. Richardson, and Wm. M. Stockbridge, for complainant.

Jabez Fox, for defendants.

COLT, Circuit Judge.  This is a bill brought in the United States circuit court for the district of Massachusetts by a stockholder, in behalf of himself and other stockholders, against the Massachusetts Real-Estate Company, a corporation incorporated under the laws of the state of Maine, and three individuals, two of whom are officers and trustees of the company, praying for a receiver, an account, and, in substance, for the winding up of the company.  From the frame of the bill it is manifest that the corporation is a necessary and indispensable party.  The plaintiff is a citizen of Connecticut, the defendant corporation is a citizen of Maine, and the other defendants are citizens of Massachusetts.  The corporation has appeared specially, and moves to dismiss the case for want of jurisdiction on the ground that the suit is improperly brought against it in the district of Massachusetts, instead of the district of Maine.  As the suit is between citizens of different states, there is no question of the general jurisdiction of the court under section 1, c. 373, of the act of March 3, 1887, as corrected by the act of August 13, 1888, c. 866 (25 Stat. 434).  The only question is whether the plaintiff is not prohibited from bringing suit in the district of Massachusetts against the defendant corporation by reason of the provision in section 1 which declares that, "where the jurisdiction is founded only on the fact that

103 F.—45

the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." While diversity of citizenship is an indispensable condition of jurisdiction of the federal courts in this class of cases, the particular district in which the action may be brought is a matter of personal privilege, which the defendant may insist upon or may waive, at his election. Construction Co. v. Gibney, 160 U. S. 217, 219, 16 Sup. Ct. 272, 40 L. Ed. 401; Ex parte Schollenberger, 96 U. S. 369, 378, 24 L. Ed. 853; Gracie v. Palmer, 8 Wheat. 699, 5 L. Ed. 719; Toland v. Sprague, 12 Pet. 300, 330, 9 L. Ed. 1093; Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Southern Pac. Co. v. Denton, 146 U. S. 202, 206, 13 Sup. Ct. 44, 36 L. Ed. 377; Railway Co. v. Saunders, 151 U. S. 105, 14 Sup. Ct. 257, 38 L. Ed. 90; Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; Express Co. v. Todd, 12 U. S. App. 351, 5 C. C. A. 432, 56 Fed. 104.

In Construction Co. v. Gibney, Mr. Justice Gray, speaking for the court (page 219, 160 U. S., page 273, 16 Sup. Ct., and page 401, 40 L. Ed.), said:

"Diversity of citizenship is a condition of jurisdiction, and when that does not appear upon the record the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties, but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon or may waive, at his election."

In Ex parte Schollenberger, Chief Justice Waite, speaking for the court (page 378, 96 U. S., and page 588, 24 L. Ed.), said:

"The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

This personal privilege of the defendant may be waived by entering a general appearance in the case (Construction Co. v. Gibney, supra), or by agreement or consent (Ex parte Schollenberger, supra). In the case at bar the corporation has not entered a general appearance, and the only question is whether it has waived its privilege by agreement or consent. Under St. Mass. 1884, c. 330, the corporation, as a condition of doing business in the state, appointed the commissioner of corporations its attorney "upon whom all lawful processes in any action or proceedings against it may be served," and agreed that "any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served on the company." The judiciary act of September 24, 1789 (chapter 20, § 11), provided, in cases where jurisdiction is founded on diversity of citizenship, that no civil suit should be brought in any other district than that whereof the defendant is an inhabitant, "or in which he shall be found at the time of serving the writ." 1 Stat. 78, 79. This provision was substantially re-enacted in all the succeeding judiciary acts down to the acts of 1887 and 1888. In these last acts

the alternative that a person may be sued in the district "in which he shall be found" was eliminated; so that, as the law stands at present, suit can only be brought in the district in which the plaintiff or the defendant is an inhabitant and resident. Under the earlier act of March 3, 1875 (18 Stat. 470), it was held that, where a corporation transacted business in a foreign state, and appointed a general agent upon whom process could be served, pursuant to a local law, it thereby consented to be "found" there, and the federal courts acquired jurisdiction. Ex parte Schollenberger, supra; Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379; In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991. In Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, the question arose whether, under the acts of 1887 and 1888, a corporation doing business in another state, and authorizing service of process upon an agent in that state as required by a state statute, thereby agreed to become a citizen or inhabitant of that state, and so subjected the corporation to the jurisdiction of the circuit court of the United States. It was held that such agreement did not confer jurisdiction; that, while such agreement subjected the corporation to jurisdiction so long as the judiciary acts allowed a corporation to be sued in the district in which it was "found," it did not subject the corporation to jurisdiction under the acts of 1887 and 1888, which restrict the bringing of suits to the district of the residence of the plaintiff or of the defendant. Mr. Justice Gray, in delivering the opinion of the court (page 207, 146 U. S., page 46, 13 Sup. Ct., and page 945, 36 L. Ed.), said:

"Moreover, the supposed agreement of the corporation went no further than to stipulate that process might be served on any officer or agent engaged in its business within the state. It did not undertake to declare the corporation to be a citizen of the state, nor (except by the vain attempt to prevent removals into the national courts) to alter the jurisdiction of any court as defined by law. The agreement, if valid, might subject the corporation, after due service on its agent, to the jurisdiction of any appropriate court of the state. Insurance Co. v. French. 18 How. 404, 15 L. Ed. 451. It might likewise have subjected the corporation to the jurisdiction of a circuit court of the United States held within the state, so long as the judiciary acts of the United States allowed it to be sued in the district in which it was found. Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379; In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991. But such an agreement could not, since congress (as held in Shaw v. Mining Co. [145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768]) has made citizenship of the state, with residence in the district, the sole test of jurisdiction in this class of cases, estop the corporation to set up noncompliance with that test when sued in a circuit court of the United States."

The rule laid down in Southern Pac. Co. v. Denton has been affirmed in Re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, and Railway Co. v. Gonzales, 151 U. S. 496, 502, 14 Sup. Ct. 401, 38 L. Ed. 248. There is no substantial difference, so far as relates to the present question, between the statute of Massachusetts and the statute of Texas, which was under consideration in Southern Pac. Co. v. Denton. Under both statutes the corporation agrees to appoint an agent upon whom all lawful processes may be served. The agreement did not attempt to alter the jurisdiction of any court as defined by law. If the law was that a corporation may

be "found" in a foreign state, then lawful service could be there made upon it. But under the acts of 1887 and 1888 such service was not authorized, and the only lawful service which·could be made was in the district of which the corporation was an inhabitant and resident. If the agreement had been that the corporation consented to become a citizen and inhabitant of another state for the purpose of the service of process upon it, the case would· be different. Such an agreement might be held as a waiver of its privilege to be sued in the district where it was incorporated.

Under the decision of the supreme court in Southern Pac. Co. v. Denton, I must hold that the objection of the defendant corporation to the jurisdiction of this court is well taken, and it follows that the bill should be dismissed.