## MAHR v. UNION PAC. R. CO.

### (Circuit Court, E. D. Washington, S. D.)

### No. 232.

1. APPEARANCE—OBJECTION TO JURISDICTION—MOTION CONSTITUTING GENERAL APPEARANCE.

The right to make a special appearance is not a substantial one inherently existing, but is a privilege allowed by practice, and must be exercised within the rules of procedure. Whenever a litigant appears to deny jurisdiction over his person, which would exist but for the failure to pursue the methods prescribed by law for bringing him into court, he must confine himself to that particular branch of jurisdiction, and if in his motion he also challenges the jurisdiction of the court over the subject-matter of the action he waives the want of service and enters a general appearance, notwithstanding any words of limitation in his motion.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appearance, §§ 42, 43.]

2. SAME—DISTRICT OF SUIT—WAIVER OF OBJECTION.

The right of a defendant in a federal court to be sued in the district of his residence is one which he may waive, and which is waived by a general appearance.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appearance, § 114.

Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192.]

3. SAME—OBJECTION TO JURISDICTION—MOTION CONSTITUTING GENERAL APPEARANCE.

An averment, in a motion by a defendant to quash the service, that the subject-matter of the action "was not and never has been and is not now within said state" where the action is brought, is equivalent to a demurrer that "the court has no jurisdiction of the subject-matter of the action," under Ballinger's Ann. Codes & St. § 4907, and the filing of such motion in a federal court in that state constitutes a general appearance.

4. COURTS—RULES OF COURT.

The provision of rule 22 of the Circuit Court of the Ninth circuit that any party appearing specially shall state in the paper which he serves and files that the appearance is special, "and that if the purpose for which such special appearance is made shall not be sanctioned or sustained by the court he will appear generally in the cause," and that if such statements be not made "the appearance shall be deemed and treated as a general appearance," is within the power of the court to prescribe, under Rev. St. § 918 [U. S. Comp. St. 1901, p. 685], and valid.

On Motion by Defendant to Quash the Service, and Motion by Plaintiff for Default.

McDonald & Rupp, for plaintiff

W. W. Cotton, L. S. Wilson, Arthur C Spencer, and James G. Wilson, for defendant.

WHITSON, District Judge. Plaintiff brought this action for personal injuries alleged to have been sustained upon the railroad of defendant in the state of Wyoming, while en route from Denver to Walla Walla, in pursuance of an agreement with the defendant to transport him, his household furniture, and domestic animals to the last-named place. Service was made upon one Robert Burns, the general agent of the Oregon Railway & Navigation Company at Walla Walla. On March 10th the defendant moved to quash the service of summons. Plaintiff contends that by paragraph 3 of said motion the defendant made a general appearance, notwithstanding the use of the appropriate words which usually attend an appearance intended to be limited and special. That paragraph reads as follows:

"That the pretended cause of action sued upon herein by the plaintiff arose, if at all, wholly within the state of Wyoming, and that the sole and only jurisdiction in which said pretended cause of action could be maintained or prosecuted would be in the said jurisdiction in· said state of Wyoming, wherein said cause of action arose, or in the jurisdiction of the home office of said defendant corporation in the city of Salt Lake, county of Salt Lake, state of Utah; and that said pretended cause of action did not arise within the state of Washington, and the subject-matter of the same was not and never has been and is not now within said state of Washington."

Plaintiff, relying upon his contention, on the 13th of April filed his motion for default. As the decision of one must conclude the other, the two motions will be considered together.

Jurisdiction over the subject-matter is used by the courts in two senses; one where the court by the act of its creation is not empowered to consider or deal at all with that which is in controversy, and the other where the court is empowered to consider controversies of the nature presented, but, owing to the property not being within the territorial jurisdiction of the court, or for other like reason, it cannot entertain the particular grievance complained of. It is in the

latter sense that the expression "want of jurisdiction over the subject-matter" is used as applied to appearances, for jurisdiction to decide that which the court is not empowered to pass upon of course cannot be conferred by the appearance of a party. The right to make a special appearance is not a substantial one inherently existing; it is a privilege allowed by practice, and it must be exercised under the rules of procedure. Whenever a litigant appears to deny jurisdiction over his person, which would otherwise exist but for the failure to pursue the methods prescribed by law for bringing him into court, he must confine himself to that particular branch of jurisdiction. It is a matter of indifference to him whether or not the court has jurisdiction over the subject-matter; so long as it has no jurisdiction over his person, it cannot in any way injuriously affect his interests. He must therefore be content to stop with the suggestion that the summons or notice, as the case may be, required by the law to be served, has not been served, and that the court is therefore not entitled to deal with him in the absence of such service. As to whether the court has jurisdiction over the matter embodied in the complainant he need give himself no concern. If he does, in a transitory action, and enters upon a discussion of that question or makes a challenge as to that point, he waives the want of service and enters voluntarily into a controversy which goes to the merits, and thereby submits to the jurisdiction of the court over his person. If the action is transitory, it is triable in any competent forum where jurisdiction of the person may be obtained. It follows that the defendant can voluntarily appear and confer such jurisdiction. Such appearance, in the absence of a showing of want of authority by the attorneys making it, binds the defendant.

In Southern Pacific Company v. Denton, 146 U. S. 205, 13 Sup. Ct. 44, 36 L. Ed. 942, plaintiff was a citizen of Texas, residing in the Eastern district thereof, and the defendant was a corporation incorporated by the laws of Kentucky, a citizen of that state, and a resident of the Western district of Texas, doing business and having an agent in said district. While the court held that the defendant had not waived the right to object to the jurisdiction in that particular case, in the discussion it was said:

"It may be assumed that the exemption from being sued in any other district might be waived by the corporation by appearing generally, or by answering to the merits of the action without first objecting to the jurisdiction."

In St. Louis & San Francisco Railway v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659, it was held that, when a defendant, sued in a circuit court of the United States, appears and pleads to the merits, he waives any right thereafter to challenge the jurisdiction of the court on the ground that suit has been brought in the wrong district; and in Texas & Pacific Railway v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829, that a demurrer to a petition, upon the ground that it does not set out a cause of action, without taking notice of the fact that the suit is brought in the wrong district, is a waiver of objection on account of the latter cause.

The action is therefore transitory, and the question arises whether there has been a general appearance by the defendant. To resolve that

question we must consider the language used. To say that "the subject-matter of the same was not and never has been and is not now within said state of Washington" is equivalent to a demurrer that "the court has no jurisdiction of the subject-matter of the action," under subdivision 1, § 4907, Ballinger's Ann. Codes & St., for it is said in effect: First. The cause of action arose in the state of Wyoming, the courts of that state therefore have, and this court consequently cannot have, jurisdiction. Second. The defendant is not engaged in business in this state, has no agent here upon whom service of process can be made, and the suit can only be prosecuted in the state of Utah where the defendant has its home office, therefore the courts of Utah have, and this court cannot have, jurisdiction. These objections both go to the subject-matter, for it is not denied that the court has jurisdiction, if the defendant be properly brought into court. The following authorities sustain plaintiff's contention that the language used by the defendant in its motion constitutes a general appearance: Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608. Nichols & Shepard Co. v. Baker (Okl.) 73 Pac. 302; Burnham v. Lewis (Kan. Sup.) 70 Pac. 337; Perrine v. Knights Templars & Masons' Life Indemnity Co. (Neb.) 98 N. W. 841, affirmed on rehearing 101 N. W. 1017; 3 Cyc. 511; 2 Encyclopedia of Pleading and Practice, 625, 626; Smith v. Hoover, 39 Ohio St. 249.

Deming Investment Co. v. Ely, 21 Wash. 107, 57 Pac. 353, is cited by the defendant as having decided that the test as to whether an appearance is special or general is usually the relief asked, and the case does so hold; but, applying that rule to the motion under consideration, it is apparent that defendant asks the court to decide that either the courts of Wyoming or of Utah have jurisdiction of the subject-matter, to the exclusion of its own jurisdiction. The defendant argues also that that part of section 4886 of Ballinger's Annotated Codes & Statutes, which provides that "a defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives plaintiff written notice of his appearance," points out the only method by which an appearance can be made. The Supreme Court of this state in the case last mentioned, referring to the same contention, said: "Certainly it does not specify every act which may constitute an appearance."

Plaintiff contends also that the defendant appeared generally in the action, when it filed its motion without complying with the rules of the Circuit Court. Rule 22 reads in part as follows:

"Special Appearance. Any party may, without leave of court, appear specially in any action at law or suit in equity, for any purpose for which leave to appear could be granted by the court, by stating in the paper which he serves and files that the appearance is special, and that, if the purpose for which such special appearance is made shall not be sanctioned or sustained by the court, he will appear generally in the cause within the time allowed therefor by law or by order of court or by the stipulation of the parties. If such statements be not made as above provided, the appearance shall be deemed and treated as a general appearance."

The motion interposed did not contain any stipulation to appear generally in case of failure of the court to sanction or sustain the purpose

for which said special appearance was made. The defendant, being within this rule by failure to make the stipulations required by it, has made a general appearance unless, as contended by its counsel, the rule itself is invalid, and one which the Circuit Court has no power to make. This is one of the rules adopted by the circuit judges of the Ninth Judicial Circuit upon December 31, 1904, and is and has been in force in this state ever since.

The argument is that section 914 of the Revised Statutes [U. S. Comp. St. 1901, p. 684], which provides that the practice, pleadings, etc., in the Circuit and District Courts shall conform as near as may be to the practice, pleadings and forms at the time in like causes in the courts of record of the state within which said Circuit or District Courts are held, must govern the court in this matter of practice. But there is no statute in this state regulating such appearances, nor is there any practice governing the matter other than that applicable wherever special appearances are allowed. Section 918 of the Revised Statutes [U. S. Comp. St. 1901, p. 685], expressly provides that the Circuit and District Courts may, in any manner not inconsistent with any law of the United States or any rule prescribed by the Supreme Court, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, "and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." It appears that this statute was passed for the express purpose of allowing rules to be made in cases similar to the one at bar, and so it has been held in numerous cases, among which are Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602; Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224; Southern Pacific Company v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Steam Stone Cutter Co. v. Jones (C. C.) 13 Fed. 580.

The defendant, in paragraphs 1, 2, and 4 of its motion, kept itself strictly within the rule relating to special appearances by objecting to the service, and, had it confined itself to that issue, it would have been entitled, as of course, on the uncontradicted showing made, to an order sustaining the motion to quash the service of summons; but by objecting to the jurisdiction of the court over the subject-matter, and by failure to comply with rule 22, it made a general appearance.

Plaintiff is not entitled to a default, if for no other reason than that the contention upon which jurisdiction over the person is sustained is that the defendant has in effect demurred to the complaint, and while that matter is undisposed of an issue is pending between the parties.

The motion of the defendant to quash the service of summons, and the motion of plaintiff for a default, will both be denied. The defendant will be allowed to plead to the complaint under the rules, and both parties will be allowed an exception.