**TOULMIN et al. v. JAMES MFG. CO.**
No. 2235.

District Court, W. D. New York.

May 8, 1939.

Karl A. McCormick, of Buffalo, N. Y., for plaintiffs.

James O. Moore, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

The plaintiffs are residents of the State of Ohio. Defendant is a corporation organized under the laws of the State of Wisconsin, qualified to do business in New York State. Defendant owns and operates an office and plant in this 'district. This suit is brought to recover for services alleged to have been performed by the plaintiffs for defendant.

The defendant appears specially and moves to dismiss the complaint upon the ground that this court does not have jurisdiction over the subject matter of the suit or the parties thereto. The question raised as to the jurisdiction of this court over the subject matter of the suit' seems to have been abandoned by the defendant. In this connection, however, it is to be said that the plaintiff contends that the raising of this particular question of jurisdiction of the subject matter constitutes a general appearance. It is not thought that it does. Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A. following section 723c; American-Mexican Claims Bureau v. Morgenthau, D.C. 26 F.Supp. 904; Herzog v.

Hubard, 68 App.D.C. 383, 98 F.2d 255; Armstrong v. Langmuir, 2 Cir., 6 F.2d 369.

The other question for determination is whether, plaintiffs being non-residents of this district and the defendant corporation incorporated under the laws of the State of Wisconsin but authorized to do and doing business under the laws of the State of New York, the defendant is a resident of the State of New York within the meaning of Section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112.

The court has general jurisdiction of the suit, the amount involved being upwards of $3,000, and there being diversity of citizenship. Section 51(a), supra, so far as pertinent here, reads: "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Article 13, section 210 et seq., of the General Corporation Law of the State of New York, Consol.Laws N.Y. c. 23, provides that a foreign corporation shall not do business in that state unless it shall have complied with certain provisions of the Act and shall designate the Secretary of State as the agent upon whom all process might be served. Upon the compliance a certificate of authority is issued by the Secretary of State. In the instant case presumably such certificate was filed, the certificate of authority issued and an agent (Art. 13, supra, sec. 213) designated for the service of process.

It is conceded that this court would not have jurisdiction if there were not such a statutory provision. It is the claim of the plaintiffs that the jurisdiction is a matter of personal privilege which is waived by compliance with the statute hereinbefore mentioned; that defendant was a resident of this district within the meaning of the law.

In Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S.Ct. 935, 36 L.Ed. 768, suit was brought by a citizen of Massachusetts in the Southern District of New York against a corporation organized under the laws of the State of Michigan. The defendant company was described as having its usual place of business in New York. It was held, following In re Schollenberger, 96 U. S. 369, 24 L.Ed. 853, that "a corporation could not be considered a citizen or a resident of a state in which it had not been incorporated" [145 U.S. 444, 12 S.Ct. 938], and that the court did not have jurisdiction. McCormick Harvesting Mach. Co. v. Walthers, 134 U.S. 41, 10 S.Ct. 485, 31 L.Ed. 833; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; In re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Western Loan & Savings Co. v. Butte & Boston Consol. Min. Co., 210 U.S. 368, 28 S.Ct. 720, 52 L.Ed. 1101; Seaboard Rice Milling Co. v. Chicago, etc., Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Luckett v. Delpark, 270 U.S. 496, 497, 46 S.Ct. 397, 70 L.Ed. 703; McLean v. State of Mississippi, 5 Cir., 96 F.2d 741; Standard Stoker Co. v. Lower, D.C., 46 F.2d 678; Jones v. Consolidated Wagon & Mach. Co., D.C., 31 F.2d 383; O'Donnell v. Slade, D.C., 5 F.Supp. 265; Platt v. Massachusetts Real-Estate Co., CC., 103 F. 705; Beech-Nut Packing Co. v. P. Lorillard Co., D.C., 287 F. 271; are all in accord with the decision in Shaw v. Quincy Mining Co., supra. We may say, as was said in Standard Stoker Co. v. Lower, supra, with reference to the Denton case, supra, that the Supreme Court has never qualified its decision in the Shaw case.

The only decisions which are urged as holding to the contrary are United States v. Southern Pacific R. Co., C.C., 49 F. 297; Patten v. Dodge Mfg. Co., D.C., 23 F.2d 852; Dodge Mfg. Co. v. Patten, 7 Cir., 60 F.2d 676; Riddle v. New York, L. E. & W. R. Co., C.C., 39 F. 290, and Consolidated Store-Service v. Lamson Consolidated Store-Service, C.C., 41 F. 833. Certain of these cases are distinguishable, while certain may be said to be in conflict with the weight of authority. In United States v. Southern Pacific R. Co., supra, it was held that a corporation might acquire "habitation" in a state other than where incorporated and thereby confer jurisdiction in personam. This decision was rendered in February, 1892, and Shaw v. Quincy was decided in May, 1892. Mr. Justice Harlan, sitting in the latter court, dissented from the majority opinion. The decision in the circuit in Patten v. Dodge, supra, seems to be based on the decision on United States v. Southern Pacific R. Co., supra. In the district court the last mentioned case and Riddle v. New York, L. E. & W. R. Co., supra, Consolidated Store-Service v. Lamson Consolidated Store-Service, supra, are described as sup-

porting the view of that court. All of these cases sustain jurisdiction on a ground non existent in United States v. Southern Pacific R. Co., supra, and that is that defendant waived venue and consented to suit against it in doing business within the state as a foreign corporation under the authority of a state statute. It seems that this is not the law as it has been construed by the Supreme Court and other courts. In McLean v. State of Mississippi, supra, the precise question here was involved, and there the court said [96 F.2d 743]: "Neither the statute nor the consent attempts to limit their effect to suits in the State courts, but apply broadly to all legal proceedings. But as to suits in the federal courts we feel constrained to hold that the provision for local service is not a waiver of venue. A corporation is an 'inhabitant' of and 'resides' in the State and district of its incorporation, and the fact that it does business elsewhere and there has agents who may be served with process does not affect its venue rights under the federal statute." It was said in Southern Pacific Co. v. Denton, supra [146 U.S. 202, 13 S.Ct. 47]: "Congress cannot have intended that it should be within the power of a state by its statutes to prevent a defendant, sued in a circuit court of the United States in a district in which congress has said that he shall not be compelled to answer, from obtaining a determination of that matter by that court in the first instance, and by this court on writ of error. To conform to such statutes of a state would 'unwisely incumber the administration of the law,' as well as 'tend to defeat the ends of justice,' in the national tribunals." Seaboard Rice Milling Co. v. Chicago, etc., Ry. Co., supra; In re Keasbey & Mattison Co., supra; McCormick Harvesting Mach. Co. v. Walthers, supra; Platt v. Massachusetts Real Estate Co., supra; Beech-Nut Packing Co. v. P. Lorillard Co., supra; involved the same question. In the last mentioned case in opinion by the then District Judge Augustus N. Hand in this Circuit, it was said that a corporation does not waive its right to be sued in a district in which it is an inhabitant when it designates an agent upon whom process may be served, and it was held that consent to suit under the statute does not effectuate a waiver. In Jones v. Consolidated Wagon & Mach. Co., supra, the court said [31 F.2d 384]: "Nor does the mere fact of defendant having complied with the foreign corporation laws of Idaho

prevent it from objecting to the jurisdiction of the court. * * * According to repeated decisions of the federal courts, a corporation cannot be considered a citizen and resident of a state in which it has not been incorporated, although it does business in that district, and has, in compliance with the laws of that state, consented to be sued in its courts and appointed an agent upon whom legal process against it may be served."

Plaintiffs urge that action in Congress is proof that that body understood that jurisdiction would be conferred under the facts shown here. They point out as indicating such understanding that in 1892 there was passed in the House of Representatives a bill relative to Federal court jurisdiction of suits involving corporations. This bill has no application to suits where both parties were non-residents of the state in which the suit was brought. Such proposed act denies original cognizance to the district court in a suit "between a corporation created or organized by or under the laws of any state and a citizen of any state in which such corporation at the time the cause of action accrued may have been carrying on any business authorized by the law creating it * * *." Long prior to 1892 the Federal courts were heavily conjested. One of the principal sources of such conjestion was suits against corporations, chiefly between citizens of a state and corporations engaged in business in though not incorporated in that state. Numerous measures were proposed to effect relief. They took the form of increase in membership in the courts, increase in the amount as a basis for jurisdiction and proposal for and changes with reference to suits against or by foreign corporations. An earlier statute permitted suit where the service could be had in the district in which the defendant was "an inhabitant" or in which he shall be found. It was seen that under this provision the door was open for many suits against corporations. This statute was amended to read as it now appears with the purpose of reducing the work of the courts. The present statute is in harmony and not in conflict with the proposed Act of 1892. It is said by the plaintiffs that the subject at issue is treated fully in "The Business of the Supreme Court", p. 136, 1927, Hon. Felix Frankfurter and Hon. James M. Landis. We read nothing in that publication in denial of the rule of determination as herein made.

It is understood that jurisdiction and venue were not to be confused. The former is the power to decide a case upon its merits and the latter relates to the place where suit may be heard. The question here is not one of jurisdiction but of venue. We hold that venue has not been waived and that by virtue of provision of Section 51, supra, the suit must be dismissed.