**ANDREWS et al. v. JOSEPH COHEN & SONS, Inc., et al.**

No. 624.

District Court, S. D. Texas, Houston Division.

Dec. 17, 1941.

---

Chas. O. Guynes, E. B. Colgin, and John A. Vivier, all of Houston, Tex., for plaintiffs.

Wood, Gresham, McCorquodale & Martin and Roland Johnson, all of Houston, Tex., for defendants.

KENNERLY, District Judge.

This is a suit by plaintiffs against defendants for damages for an alleged injury to plaintiff Mrs. Ellen Andrews and to plaintiff's automobile, alleged to have occurred on or about November 7, 1939, on a Texas highway in the City of Wharton, Texas, in this District, but in the Galveston Division, in an accident in which plaintiff's automobile was in a collision with another automobile driven by defendant A. F. Adler, alleged to be an employee of defendant Joseph Cohen & Sons, Inc. It is alleged that such automobile driven by Adler was owned by one or the other or both of defendants.

In plaintiffs' original complaint, it is alleged that plaintiffs are citizens of Texas, and that defendant Adler is a citizen of the State of Missouri, and that the defendant Cohen & Sons, Inc. is a citizen of the State of New York. In a pleading which plaintiffs call a trial amendment, it is alleged in the alternative that if defendant Adler is not a citizen of the State of Missouri, he is a citizen of Germany.

Process was served under Article 2039 of the Texas Revised Statutes.

Defendants complain neither of the manner of serving process nor of the jurisdiction, but of the venue. They have filed separate motions to dismiss, in each of which, and in their briefs, they bring forward the claim that under Section 112, Title 28 U.S.C.A., this suit may not be prosecuted in this District, but must be prosecuted, if at all, in the District of which defendants or one of them is an inhabitant. They cite Southern Pacific Company v. Denton, 146 U.S. 202, 13 S. Ct. 44, 36 L.Ed. 942; McLean v. State of Mississippi, 5 Cir., 96 F.2d 741, 119 A.L.R. 670; Goff Co. v. Lamborn & Co., 5 Cir., 281 F. 613; Roberts v. Pacific & Atlantic R. R. Co., 9 Cir., 121 F. 785; Niccum v. Northern Assurance Co., D.C.Ind., 17 F.2d 160; Section 41, 28 U.S.C.A.; Section 112, 28 U.S.C.A.; Rule 82, New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

They also claim that the suit should have been brought in the Galveston Division, because plaintiffs reside in and the alleged accident occurred in that Division.

1. If as alleged in plaintiffs' original complaint the defendant Adler is a citizen of the State of Missouri and the defendant Cohen & Sons, Inc. is a citizen of the State of New York, without doubt the venue under Section 112 is in this, the District in which plaintiffs reside.

But if the defendant Adler is a citizen of Germany (an alien), I would incline to the view that the suit must, under the cases cited by defendants, be brought and prosecuted in the District in which defendant Cohen & Sons, Inc. has its domicile, were it not for two Supreme Court decisions.

In Neirbo v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, the Supreme Court discussed at length the question of suits against corporations in States other than the State of their domicile and laid down the rule that a corporation may be sued in the State in which it has obtained a permit to do business and in which it has thereby consented to be sued. In Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, the Supreme Court upholds a Massachusetts Statute similar to our Texas Statute (Article 2039A, Vernon's Ann.Civ.St.), to the effect that by the use

of the highways of a State, the non-resident owner of an automobile submits himself to the jurisdiction of, and consents to be sued in, the courts of that State.

Based on these two cases and the cases cited therein, I conclude that, without regard to Section 112, both jurisdiction and venue of this case are in this court.

2. Counsel for both parties reside in Houston. Plaintiffs reside in Wharton, near Houston. Apparently it would be more convenient to try this case in the Houston Division than the Galveston Division, and the question of whether the case should be transferred to the Galveston Division for trial is not, therefore, deemed important, unless defendants shall insist upon a decision of the question.

It follows that defendants' motions to dismiss should be denied, but the question of whether the case should be transferred to the Galveston Division left undetermined.