### VAN BUREN v. CONNECTICUT GENERAL LIFE INS. CO.

#### No. 1435.

District Court, D. Massachusetts.

Dec. 23, 1941.

280

Bacon, Wells & Weltman, of Springfield, Mass., for plaintiff.

Small & Brooks and Harold P. Small, all of Springfield, Mass., for defendant.

BREWSTER, District Judge.

In this action the plaintiff, a citizen of Massachusetts, seeks to enforce liability arising from a policy of insurance issued by the defendant, a Connecticut corporation. The action was brought in the state court and removed by the defendant to this court. The matter is now before the court on plaintiff's motion to remand. The ground for the motion is that this court is without jurisdiction because of want of diversity of citizenship.

■ It is alleged in plaintiff's motion that the defendant is a foreign corporation, licensed to conduct the business of issuing policies of insurance in the Commonwealth of Massachusetts and maintains an office in Springfield, in said Commonwealth, where it conducts a general agency for the purpose of issuing policies of insurance, and that the policy sued upon was issued in said Springfield.

In considering the motion, these allegations will be taken as true, as also will the fact that the defendant is a corporation organized under the laws of the state of Connecticut.

■ The plaintiff on these facts contends that the defendant is a citizen of the Commonwealth of Massachusetts within the meaning and intent of the statute of the United States relating to the diversity of citizenship as grounds for jurisdiction in the Federal court, 28 U.S.C.A. § 41(1). This contention is in direct conflict with a long line of decisions in the Federal court. It is difficult to recall any proposition more firmly established by the authorities than that a corporation, for the purposes of the statute, is a citizen of the state where it is organized. A foreign corporation does not become a citizen of a state where it is authorized to carry on business. Southern Pacific Company v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; Galveston, Harrisburg & S. A. Ry. Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248; Louisville, New Albany & Chicago Ry. Co. v. Louisville Trust Co., 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081; Platt v. Massachusetts Real-Estate Co., C.C., 103 F. 705.

It is said in the Louisville Trust Company case, supra, [174 U.S. 552, 19 S.Ct. 821, 43 L.Ed. 1081], that "This court has repeatedly said that, in order to make a corporation, already in existence under the laws of one state, a corporation of another state, 'the language used must imply creation or adoption in such form as to confer the power usually exercised over corporations by the state, or by the legislature, and such allegiance as a state corporation owes to its creator. The mere grant of privileges or powers to it as an existing corporation, without more, does not do this.' "

■■ The defendant cannot be regarded as a citizen of Massachusetts merely because it has obtained a license to do business in that Commonwealth. The jurisdiction of the Federal court depends upon and is regulated by the laws of the United States and cannot be affected by state legislation or decisions of the state court. The Federal courts have even held unconstitutional state statutes which required foreign corporations to stipulate that their right to transact business in the state should be subject to the condition that it would not remove a suit against it from the state to the Federal court. Barron v. Burnside, 121 U.S. 186, 7 S.Ct. 931, 30 L.Ed. 915; Southern Pacific Company v. Denton, supra.

The motion is denied.