PAGE and others *v.* CITY OF CHILLICOTHE.[*]

(*Circuit Court, S. D. Ohio.* April, 1881.)

1. JURISDICTION—ACT OF CONGRESS DIVIDING S. D. OHIO INTO TWO DIVISIONS—WHERE SUIT TO BE BROUGHT—PERSONAL PRIVILEGE—WAIVER.

Section 4 of the act of congress dividing the southern district of Ohio into two divisions, which provides that " all suits not of a local nature, in the circuit and district courts, against a single defendant, inhabitant of said state, must be brought in the division of the district where he resides," does not affect the general jurisdiction of the court, but rather confers a personal privilege upon the defendant, which he may waive.

2. SAME—SAME—SAME—SAME—GENERAL APPEARANCE—WAIVER.

Where a suit was brought in the western division against a resident of the eastern division, who was served with process in the eastern division, and on the return-day of the writ entered its general appearance without exception to the jurisdiction, and at the same and a subsequent term had, upon its motion, the time extended in which to answer, *held*, that the defendant, by such appearance and proceedings, waived the right to object to the jurisdiction of the court.

Motion to Dismiss for Want of Jurisdiction.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

*Banning & Davidson* and *L. M. Hosea,* for motion.

*Jeptha D. Garrard, contra.*

SWING, D. J. The bill in this case alleges that complainants are owners of a certain patent in relation to improvements in induction-coil apparatus; that the defendant is infringing their said patent, and prays for an injunction and for damages. The bill was filed September 27, 1880, and on the same day a subpœna in chancery was issued to the marshal of said district, who returns that he served the same in Ross county, Ohio, by delivering a copy of it to the mayor and clerk of the city of Chillicothe. The subpœna required the defendant to appear by the first Monday in November. On the first Monday of November the defendant, by its attorneys, Banning & Davidson, entered its appearance in the cause. On the fourth day of December, on motion of defendant, leave was given to answer by the first Monday of February. On the twenty-first day of February, 1881, on motion of defendant, leave was given to answer in 20 days; and on the eighteenth day of March, 1881, the defendant filed its motion to dismiss, as follows : "Now comes the defendant, the City of Chillicothe, by its counsel, and moves the court to dismiss the bill herein filed, for want of jurisdiction, the defendant being a resident of the eastern division of the southern district of Ohio, and not found or served in the western division herein." On the fourth of February, 1880, an act was passed by congress dividing the southern district of Ohio into two divisions, to be known as the eastern and western divisions; Ross county, in which the city of Chillicothe, the defendant, is, being in the eastern division. This act provides that "all suits not of a local nature, in the circuit and district courts, against a single defendant, inhabitant of said state, must be brought in the division of the district where he resides." Under this provision it is clear that this suit should have been brought in the eastern division, and not in this, and if the defendant had entered its appearance for the purpose only of moving to dismiss the suit, the motion would have been granted; but the appearance was the general appearance of the party. Not only

so, but during the term at which the appearance was entered the defendant moved the court for, and obtained, further time in which to answer; and at the next succeeding term, upon its motion, it was granted further time in which to answer; and not until the expiration of this time was an exception to the jurisdiction taken. The subject-matter of the suit is one over which this court has jurisdiction, and if the defendant resided within this district the residence of the parties would be such as to give the court jurisdiction. It is not a case where the parties must be residents of different districts in order to give the court jurisdiction, but both parties in patent suits may be residents of the district within which the suit is brought. Under the acts of congress conferring jurisdiction upon this court, the subject-matter and the citizenship of the parties, whether residing in this or the eastern division, would give this court jurisdiction of this cause if service had been made within this division. The provision in the act for the division of the district, that the suit should be brought in the division of the district in which the defendant resides, is not one creating the jurisdiction of this court, but is one for the personal convenience of the defendant.

This case is clearly distinguishable from the cases referred to by the learned counsel for the defendant, which hold that consent cannot confer jurisdiction, and that objections to the jurisdiction may be taken at any stage of the case. In those cases either the subject-matter or the citizenship, which was essential to give jurisdiction, did not exist; but in this case the only question is as to the place where the jurisdiction shall be exercised.

In *Gracie* v. *Palmer*, 8 Wheat. 699, the suit was brought in the state of Pennsylvania, and none of the defendants were citizens of that state, and Mr. Webster objected to the jurisdiction because it did not appear that the defendants were inhabitants of, or found in the district in which suit was brought, at the time of the service of the writ, as required by the eleventh section of the judiciary act of 1789. Chief Justice Marshall, in delivering the opinion of the court, stated

"that the uniform construction, under the clause of the act referred to, had been that it was not necessary to aver on the record that the defendant was an inhabitant of the district or found therein; that it was sufficient if the court appeared to have jurisdiction by the citizenship or alienage of the parties. The exemption from arrest in a district in which the defendant was not an inhabitant, or in which he was not found at the time of serving the process, was the privilege of the defendant, which he might waive by a voluntary appearance; that if process was returned by the marshal as served upon him within the district it was sufficient; and that where the defendant voluntarily appeared in the court below, without taking the exception, it was an admission of the service, and a waiver of any further inquiry into the matter."

In *Ex parte Schollenberger*, 96 U. S. 369, Chief Justice Waite says: "The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

These authorities show very clearly, I think, that the defendants might waive the right to have this suit brought in the eastern district, and that by entering its general appearance in the cause, and its several applications for further time in which to answer, I hold that it has waived its right, in this case, to except to the jurisdiction of the court; the motion will, therefore, be overruled.