UNITED STATES *v.* EDDY and others.

*(Circuit Court, N. D. Ohio, W. D.* July 20, 1885.)

1. WRIT AND PROCESS—DIVISIONS OF NORTHERN DISTRICT OF OHIO—FILING OF PETITION AND ISSUE OF SUMMONS IN ONE DIVISION FOR THE OTHER.

Under the act (20 St. 101) dividing the Northern district of Ohio into an Eastern and Western division, with terms of court to be held at Cleveland and Toledo for these divisions, respectively, if an action is to be brought in the Western division, the petition should be filed in the clerk's office at Toledo before process can issue; and a filing in Cleveland, whereupon the deputy-clerk issues summons immediately, and forwards the petition by mail to the clerk's office at Toledo, is not sufficient to base a valid service in the Western division.

2. STATUTE OF LIMITATIONS—SAVING THE STATUTE—IRREGULAR SERVICE.

The service of a summons issued from the clerk's office of the United States court in the Eastern division, before the petition has been filed in the clerk's office of the United States court for the Western division, of the Northern district of Ohio, in an action to be tried in the latter division, being premature and irregular, does not save the statute of limitations.[1]

At Law. Motion to set aside summons.

This is an action on the official bond of a former postmaster against the principal and sureties. By the act of June 8, 1878, the Northern district of Ohio was divided into two divisions, and it was provided that terms of circuit and district courts should be held at Toledo, (in the Western division;) that no additional clerk or marshal should be appointed in said district; and that all suits not of a local nature, against a single defendant, inhabitant of the state, must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district, such suits may be brought in either division. 20 St. 101.

May 15, 1885, the district attorney left the petition in this action at the clerk's office in Cleveland, in the Eastern division, with the deputy-clerk there, who, at the district attorney's request, marked the petition "Filed," issued summons, and delivered same to the marshal; and thereafter, on the same day, forwarded the petition by mail to the deputy-clerk in charge of the office at Toledo, where it was first received the following morning. In each office papers are marked "Filed" by a rubber stamp, which reads the same for both offices. The deputy at Cleveland, upon forwarding the petition to the deputy at Toledo, advised the latter that summons had been issued. All the defendants except one, who is a non-resident of the state, and was not served, reside at Toledo, and were there served.

The defendants who were served appear specially, and move to set aside the summons because it was prematurely issued before any petition was on file in the clerk's office at Toledo. The motion was submitted to Judges WELKER and HAMMOND, at Toledo, on June 15, 1885, and, upon the suggestion of the latter that it was desirable to have a ruling upon the question which would be authoritative throughout

---

[1] See note at end of case.

the circuit, the hearing was adjourned to June 27th before Justice MATTHEWS and Judge WELKER, at Cleveland.

*Brown & Geddes*, for the motion.

In Ohio a civil action can only be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon. Rev. St. § 5035; *Robinson* v. *Orr*, 16 Ohio St. 284; *Bowen* v. *Bowen*, 36 Ohio St. 312.

The summons having been issued before a petition was filed in the proper office is void. *Seibert* v. *Switzer*, 35 Ohio St. 661; *Ellis* v. *Fletcher*, 40 Mich. 321.

The summons, being void, must be set aside on motion for that purpose. *Smith* v. *Hoover*, 39 Ohio St. 249; *Handy* v. *Insurance Co.*, 37 Ohio St. 366; *Compton* v. *Wilder*, 40 Ohio St. 130; *Harkness* v. *Hyde*, 98 U. S. 476. See, also, *Peaslee* v. *Haberstro*, 15 Blatchf. 472; *Dwight* v. *Merritt*, 4 Fed. Rep. 614; *Brown* v. *Pond*, 5 Fed. Rep. 31; *Manville* v. *Battle Mountain Sm. Co.*, 17 Fed. Rep. 126; *Middleton Paper Co.* v. *Rock River Paper Co.*, 19 Fed. Rep. 252; *Steiger* v. *Bonn*, 4 Fed. Rep. 17; *Lyell* v. *Goodwin*, 4 McLean, 29; *U. S.* v. *Bridgman*, 9 Biss. 221; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Bridges* v. *Sheldon*, 7 Fed. Rep. 17; *Day* v. *Newark India Rubber Manuf'g Co.*, 1 Blatchf. 628; *Perkins* v. *City of Watertown*, 5 Biss. 320; *Grover* v. *American Exp. Co.*, 11 Fed. Rep. 386.

If it be held that the filing of the petition in Cleveland, and there issuing summons, was the bringing of the action, then the action was brought in the Eastern division, and the summons must be set aside and the petition dismissed. *Page* v. *Chillicothe*, 6 Fed. Rep. 599.

*Emerson H. Eggleston*, U. S. Atty., *contra*.

MATTHEWS, Justice, made the following order, in which WELKER, J., concurred:

The motion heretofore made in this case by defendants' counsel to set aside the service of the summons dated May 15, 1885, is granted on the ground that the said summons was improvidently and irregularly issued, the petition not, at the time the said summons was issued, having been filed in the office of the clerk of said court at Toledo, where alone said suit could by law be brought.

----

(June 30, 1886.)

An *alias* summons having been issued June 1, 1885, and the defendants having been duly served, the sureties answered that the account of the principal was settled, and his term of office expired, on the sixteenth day of May, 1882, and that the action was, as against them, barred by limitation. June 30, 1886, the cause was submitted to WELKER, J., who held that the action was not begun until the issue of the *alias* summons; and not having been instituted within three years after the close of the principal's account, the sureties were discharged, under section 3838 of the Revised Statutes.

Judgment was rendered against the principal by default.

### NOTE.

Where an action has been commenced on a claim, no matter how defective it may be, it stops the running of the statute of limitations. Smith v. McNeal, 3 Sup. Ct. Rep. 319.

The mere filing of a complaint before a magistrate, charging the commission of felony, upon which no warrant is issued nor arrest made, is not such a commencement of the prosecution as will take the case out of the statute of limitations. In re Griffith, (Kan.) 11 Pac. Rep. 174.

A suit in law is not commenced, so as to avoid the statute of limitations, until the writ is completed, with the intention of making immediate service. Clark v. Slayton, (N. H.) 1 Atl. Rep. 113; Robinson v. Burleigh, 5 N. H. 225; Graves v. Ticknor, 6 N. H. 537; Hardy v. Corlis, 21 N. H. 356; Mason v. Cheney, 47 N. H. 24; Brewster v. Brewster, 52 N. H 60.

A suit in equity is not commenced, so as to avoid the statute of limitations, until the bill is filed in the clerk's office. Clark v. Slayton, (N. H.) 1 Atl. Rep. 113; Leach v. Noyes, 45 N. H. 364.

Where the statute provides that a suit is commenced by "delivering of the original notice" to the proper officer, with intent that it be served immediately, the delivery to such officer of a "notice" in which the appearance day is left blank, and to be filled by such officer on service of the writ, is not such a commencement of an action as will bar the running of the statute of limitations. Phinney v. Donahue, (Iowa,) 25 N. W. Rep. 126.

Where a creditor filed a petition, and on the same day a notice was put in the hands of the sheriff, who neglected to serve it, and delivered it to plaintiff's attorney, who lost it, it was held that no action was commenced. Wolfenden v. Barry, (Iowa,) 22 N. W. Rep. 915.