In re HAMRICK.

(District Court, N. D. Georgia, N. W. D. October 18, 1909.)

No. 297.

1. COURTS (§ 420*) — FEDERAL DISTRICT COURTS — DIVISIONS — TRANSFER OF CAUSE.

Under the act dividing the district of Georgia into two divisions and providing that suits shall be brought against the parties who live in the counties embraced in the Northwestern division in that division, where bankruptcy proceedings were instituted against a bankrupt living in the Northwestern division, but the petition was filed and process made returnable at Atlanta, instead of at Rome, the case would be transferred to the Northwestern division, and new process directed to be served on the bankrupt in that division returnable at Rome.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 420.*]

2. BANKRUPTCY (§ 84*)—PETITION—AMENDMENT—ADDITION OF GROUNDS.

Where an original petition in bankruptcy stated imperfectly the ground of bankruptcy, it was amendable so as to state additional grounds occurring subsequently, under the rule authorizing the amendment of pleadings generally, notwithstanding General Bankruptcy Order 6 (89 Fed. v,

32 C. C. A. ix) providing that, where two or more petitions are filed in different districts, the first hearing shall be had in the district in which the debtor has his domicile, and the petition may be amended by inserting an act of bankruptcy committed at an earlier date than that first alleged, if such earlier act is charged in either of the other petitions, as such order does not apply to the allegation of subsequent acts of bankruptcy, where only one petition has been filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. § 84.*]

In Bankruptcy. In the matter of J. N. Hamrick, bankrupt. Adjudication directed.

Griffith & Mathews and Hugh M. Dorsey, for the bankrupt.

Mason & Johnson, for petitioning creditors.

NEWMAN, District Judge. This case is now before the court on exceptions to the report of R. O. Jones, special master. Two questions are for determination. The first is whether the court has jurisdiction of the case in view of the manner in which it was brought into court.

The bankrupt lives and was engaged in business in Haralson county, which is in the Northwestern division of this district. The petition in bankruptcy was filed in Atlanta, and the process attached by the clerk was made returnable at Atlanta. Congress, in creating new divisions, named the Columbus division the Western division, the Rome division the Northwestern division, and the Athens division the Eastern division, leaving no name for the division for which courts are held at Atlanta, and the district clerk at Atlanta is the clerk for the entire district, and has, by the provisions of the various acts creating new divisions, a deputy clerk in each division. There would have been very little trouble about the filing of the petition except that the process was made returnable at Atlanta, when, of course, it ought to have been made returnable at Rome.

The case was referred to a special master by consent, and hearing was had before him; but I take it that the bankrupt, through his counsel, had this question of the filing of the petition in bankruptcy and of the improper issue of the process always reserved, so that I shall consider it as if it had been made in the beginning of the case and before any action whatever had been taken. I think, if the question had been made then and brought before the court, that the court would have directed that the papers be filed in the office of the deputy clerk at Rome and process amended so as to summon the alleged bankrupt to appear at Rome, and this, I have not the slightest doubt, could have been done, and the case transferred in that way to the Rome division. The divisions are created for the convenience of parties at interest in the trial of cases. It is true that the act provides that suits shall be brought against the parties who live in the counties embraced in the Northwestern division in that division; but if, by an inadvertence of some sort, a case is brought returnable in the wrong division, I do not see any difficulty whatever in ordering it transferred to the proper division for trial, and that the defendant shall have process

served upon him, unless same is waived, returnable at the proper place.

The District Courts have jurisdiction in bankruptcy in their respective districts, and the District Court for the Northern District of Georgia had jurisdiction in this case. That the District Court could correct the filing and direct the petition to be filed at Rome, and direct the amendment of the process, I have no doubt whatever. It appears that the case has already been docketed in Rome, and the clerk will be directed to enter it as filed at Rome and to prepare and attach process returnable there; order to be taken to this effect.

The other ground of exception urged here to the report of the special master is that he allowed an amendment to the petition, adding new and additional grounds of bankruptcy. It was conceded that, while there was no authority to amend before the special master, and the special master so held, it was agreed by the parties that the amendment should be made subject to the same right of objection as could have been made before the court.

I think the amendment was properly allowed. The original petition in bankruptcy stated imperfectly the ground of bankruptcy, and it is not disputed, as I understand it, that the amendment setting up the additional grounds of bankruptcy in giving the two last mortgages is good if it could be properly attached to the original petition by amendment. The rule as to amendments is very much the same rule that would apply under the practice in the state courts or in this court as to pleadings generally. There must be enough in the pleadings, of course, to amend by. It is the rule that where a good cause of action is imperfectly stated it may be amended, and as this could have been amended and was, it, in my judgment, was sufficient as a basis for attaching the additional grounds of bankruptcy.

General Order in Bankruptcy 6 (89 Fed. v, 32 C. C. A. ix), on the subject of amendments, has no application here, nor have the decisions in which that general order is referred to. That general order is applicable to cases where two or more petitions are filed against the same individual in different districts. It provides that:

"The first hearing shall be had in the district in which the debtor has his domicile and petition may be amended by inserting an act of bankruptcy committed at an earlier date than that first alleged if such earlier act is charged in either of the other petitions."

The additional grounds of bankruptcy set out by amendment in this case are later than the ground stated in the original petition, and counsel have urged that only acts of bankruptcy committed earlier than that originally alleged can be attached by amendment. As I have stated, I think the general order and the decisions on that have no application whatever to a case like this, where only one petition is filed, and the question here as to the allowance of the amendment is controlled by the general rule on the subject of amendments.

I think the special master correctly held that the amendment should be allowed, and also correctly held that the facts did not sustain the original ground of bankruptcy, but did sustain the additional grounds, and that an adjudication should be entered in the case.

The exceptions will be overruled, and the report of the special master confirmed. The clerk is directed to enter an adjudication in bankruptcy against J. N. Hamrick.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes