REICH v. TENNESSEE COPPER CO.

(District Court, E. D. Tennessee, S. D.　October 28, 1913.)

No. 1,163.

1. COURTS (§ 307*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

　　Where plaintiff was a citizen of Tennessee, and defendant corporation a citizen of New Jersey, and the amount in controversy exceeded $3,000, exclusive of interest and costs, the suit was one within the general jurisdiction of the federal courts, by reason of diversity of citizenship and the amount involved.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 850–854; Dec. Dig. § 307.*]

2. COURTS (§ 272*)—FEDERAL COURTS—JURISDICTION—VENUE.

　　Judicial Code (Act March 3, 1911, c. 231) § 51, 36 Stat. 1101 (U. S. Comp. St. Supp. 1911, p. 150), provides that, where federal jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought in the district of the residence of either plaintiff or defendant. Held that, where plaintiff, a resident of the Eastern district of Tennessee, sued defendant, a citizen of New Jersey, plaintiff was entitled to maintain the suit in the district of his residence, and was not required to institute the suit in the division of the district in which he resided, since section 53, providing that, when a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides, is limited to cases in which the suit is brought in the district in which defendant resides, and has no application as a limitation on local jurisdiction when the suit is brought in the district of plaintiff's residence.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*]

At Law. Action by M. C. Reich against the Tennessee Copper Company. On demurrer to defendant's plea to the jurisdiction. Sustained.

W. S. Roberts, of Knoxville, Tenn., for plaintiff.

Cornick, Frantz, McConnell & Seymour, of Knoxville, Tenn., for defendant.

SANFORD, District Judge. This is a suit brought by the plaintiff, a citizen of Tennessee, against the defendant, a New Jersey corporation, to recover ten thousand dollars damages for personal injuries alleged to have been received by the plaintiff while employed in the defendant's copper mines in Polk County, Tennessee, within the Southern Division of the Eastern District of Tennessee. The summons was served on the highest official of the defendant to be found within this district. The defendant has filed a plea to the jurisdiction of the court over this cause, alleging that the plaintiff is a citizen and resident of Knox County, Tennessee, in the Northern Division of this District, and not a citizen or inhabitant of the Southern Division of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this district, and that the defendant is not a citizen and resident of Polk County, Tennessee, but a resident of the State of New Jersey; to which plea the plaintiff has filed a demurrer. This demurrer is, in my opinion, well taken, and should be sustained, for the following reasons:

[1] 1. As the plaintiff is a citizen of Tennessee and the defendant a citizen of New Jersey, and the amount in controversy exceeds three thousand dollars, exclusive of interest and costs, the suit is one within the general jurisdiction of the court by reason of the diversity of citizenship and the amount involved.

[2] 2. As the plaintiff is a resident of the Eastern District of Tennessee, and the suit is therefore brought within the district of the residence of the plaintiff, it comes plainly within the provision of section 51 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), that:

"Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought in the district of the residence of either the plaintiff or the defendant."

See: In re Keasby & Mattison Co., 160 U. S. 221, 228, 16 Sup. Ct. 273, 40 L. Ed. 402.

3. The jurisdiction of this cause in the Southern Division of the Eastern District of Tennessee is not taken away, even if the plaintiff be a resident of the Northern Division of the district, by the provision of section 53 of the Judicial Code, that:

"When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides."

This provision is clearly limited, in my opinion, to cases in which the suit is brought in the district in which the defendant resides, to which alone its terms can possibly apply, and has no application whatever as a limitation upon local jurisdiction when the suit is not brought in the district in which the defendant resides, but is brought, under the provisions of section 51 above quoted, in the district in which the plaintiff resides. And as the Code contains no limitation upon the right of the plaintiff to bring such suit against the defendant, where diversity of citizenship exists, in the district in which the plaintiff resides, without reference to the particular division of the plaintiff's residence, I think it clear that the plaintiff may, in such case, bring his suit against the defendant in any division of the district in which the plaintiff is a resident in which the defendant may be found and served with process. This is in direct analogy to the cases holding that as the requirement that suits based upon diversity of citizenship alone shall be brought within a district in which either the plaintiff or the defendant resides, have no application to suits brought against aliens, an alien may be sued, if jurisdiction otherwise exists, in the Federal Court of any district in which valid service may be had upon the defendant. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Ladew v. Copper Co. (C. C.) 179 Fed. 245, 253.

209 F.—56

I find nothing contrary to this conclusion in Von Auw v. Fancy Goods Co. (C. C.) 69 Fed. 448, 450. There was, in the first place, in that case, no decision, express or implied, that the defendants should have been sued in the division of the district in which they resided, but a mere statement that, even if this had been true, this was a personal privilege which they had waived by their general appearance. Furthermore the case presented was entirely different from that at bar, in that it is plainly inferable that the plaintiffs in that case were not residents of the district in which the suit was brought, but were citizens and residents of other States, and that the local jurisdiction depended entirely upon the fact that the defendants were sued in. the district in which they resided, in which event it might well have been held that under the limitations contained in the former acts from which section 53 of the Code is derived, the suit should have been brought in the particular division of the district in which they resided. In short, even the hypothetical suggestion in that case is entirely consistent with the conclusion reached in this opinion that, under section 53 of the Code, the limitation upon the local jurisdiction of the District Courts dependent upon the division in which the defendant resides, applies only in cases where suit is brought in the district in which the defendant resides and the local jurisdiction is contingent upon the residence of the defendant, and that such limitation has no application in cases where the suit is brought in the district in which the plaintiff resides and the local jurisdiction is based not upon the residence of the defendant but upon that of the plaintiff.

An order will accordingly be entered sustaining the plaintiff's demurrer to the defendant's plea to the jurisdiction.