## McCULLOUGH v. UNITED GROCERS' CORP.

(District Court, N. D. Ohio, E. D. January 29, 1918.)

No. 9606.

1. COURTS ⬷274—FEDERAL COURTS—JURISDICTION—VENUE.
   While, under Judicial Code (Act March 3, 1911, c. 231) § 53, 36 Stat. 1101 (Comp. St. 1916, § 1035), every suit not of a local nature against a single defendant must, where the district contains more than one division, be brought in the division where the defendant resides, yet an action against a foreign corporation doing business in the state and district in which plaintiff resided should, under section 51 (Comp. St. 1916, § 1033), declaring that, where jurisdiction is founded upon diversity of citizenship, suit shall be brought only in the district of the residence of either the plaintiff or defendant, where there was more than one division in the district of ·plaintiff's residence, be brought in that division in which plaintiff resided, notwithstanding the foreign corporation did business in the other division of the district.

2. COURTS ⬷344—SERVICE OF PROCESS—STATE LAW.
   In an action at law, brought in the federal court, service of summons should be made in conformity to the state law.

3. CORPORATIONS. ⬷668(4)—FOREIGN—SERVICE OF PROCESS.
   Under Gen. Code Ohio, § 11290, requiring service on a foreign corporation to be had on its managing agent, a return showing service on the secretary and treasurer of a foreign corporation is insufficient, and should be quashed, the statute prescribing the only method of obtaining service on a foreign corporation other than on an agent appointed to accept service, and the secretary and treasurer of a corporation not necessarily being its managing agent.

At Law. Action by W. C. McCullough against the United Grocers' Corporation. On motion to quash and set aside service of summons, on the ground that the action was not brought in the proper division, and that service was insufficient. Motion sustained on latter ground.

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Reed, Meals & Eichelberger, of Cleveland, Ohio, and George W. Ritter, of Toledo, Ohio, for plaintiff.

Forrest Jeffries and Robert Newbegin, both of Toledo, Ohio, for defendant.

WESTENHAVER, District Judge. The jurisdiction of this court is based upon a diversity of citizenship between plaintiff and defendant. Plaintiff's petition avers that he is a citizen of the state of Ohio and a resident of the city of Cleveland, Ohio. This makes him a resident of the Eastern division of the Northern district of Ohio. The defendant, it is averred, is a corporation, organized and existing under the laws of the state of Delaware, and is engaged in the wholesale grocery business, with its principal place of business in the city of Toledo, Ohio. Toledo is in the Western division of the district. The marshal's return shows that the summons was served on the defendant—

"by leaving at the usual place of business (in Toledo) of the United Grocers' Corporation, with H. E. Wetherill, secretary and treasurer of United Grocers' Corporation, personally, a true and certified copy hereof."

Defendant appears specially and moves to quash and set aside the service of summons on two grounds: (1) That this action must be brought in the Western division, because the defendant resides there; (2) that, defendant being a foreign corporation, service can be had only on its managing agent.

[1] Section 53, Judicial Code, provides that:

"When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides."

If it be true that, on the fact averred, the defendant resides in the Western division of this district, this motion should be sustained. In Page v. Chillicothe (C. C.) 6 Fed. 599, Swing, District Judge, considering similar language, contained in the law, creating the Eastern and Western divisions of the Southern district of Ohio, expresses the opinion that an action must be brought in the division in which the defendant resides, and only refused to dismiss because defendant had appeared generally and was held thereby to have waived his privilege of being sued in the division in which he resided. But later, in United States v. Eddy (C. C.) 28 Fed. 226, the same question was carefully considered in an action instituted in this district. The motion was made to set aside the service, and was heard to Judges Welker and Hammond. The question was regarded of such importance that, at the suggestion of Judge Hammond, the hearing was adjourned to be heard before Mr. Justice Matthews of the United States Supreme Court and Judge Welker. It was held that the summons was improvidently and irregularly issued, service was set aside, and, a new summons having been issued later and served, the statute of limitations, it was held, did not cease to run until the suing out of the second summons.

The case here, however, is different. In my opinion, this case is controlled, not by section 53, but by section 51 of the Judicial Code. The latter section provides that, where jurisdiction is founded upon

247 F.—56

diversity of citizenship, the suit shall be brought only in the district of the residence of either the plaintiff or defendant. The defendant, being a foreign corporation, it is settled law, is a citizen and resident only of the state under the laws of which it is organized; and, inasmuch as the plaintiff is a citizen and resident of the Northern district of Ohio and of the Eastern division thereof, and the defendant a citizen and resident only of the state of Delaware, this action was properly instituted in the Eastern division. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 204, 13 Sup. Ct. 44, 36 L. Ed. 942. See Simkins' Federal Suit in Equity, pp. 109, 115, where the authorities are cited and reviewed.

[2, 3] Service of summons should be made here in conformity to the state law, and what is a good service under the state statute will be good in federal courts, provided only that the notice given by said summons is adequate, according to the rules of due process of law. The marshal's return shows a service pursuant to the state statute for service of summons on domestic corporation. Section 11290, G. C. of Ohio, requires the service on a foreign corporation to be had upon its managing agent. This section provides the only mode of obtaining service of summons on a foreign corporation, other than on an agent appointed to accept service of summons. It was so held in Goode v. Druggist Ass'n, 16 Ohio Dec. 586, and in Beach v. Kerr Turbine Co. (D. C.) 243 Fed. 706.

The secretary and treasurer of the defendant corporation is not necessarily the person having the management of its business in this state. If he is, the return could be amended by the marshal to show that fact, and the service already made would be good; otherwise, the motion to quash and set aside the service of summons should be sustained, and a new summons issued and served upon its managing agent—that is, a person in charge of its business.

The motion will be sustained on the second ground only. An exception may be noted on behalf of the plaintiff to this ruling.