946

## SARTOR et al. v. UNITED GAS PUBLIC SERVICE CO., Inc.

### No. 2385.

District Court, W. D. Louisiana, Monroe Division.

May 9, 1933.

See, also, 3 F. Supp. 943.

G. P. Bullis, of Vidalia, La., for plaintiffs.

Sholers & Gunby, of Monroe, La., for defendant.

DAWKINS, District Judge.

This is a transitory action upon alleged contracts, wherein the plaintiffs seek to recover a larger amount for natural gas withdrawn from their lands than was paid under mineral leases described and attached to the petition. Jurisdiction in this court is based solely upon diversity of citizenship.

Defendant has excepted to the venue in the Monroe division, on the ground that "it is a corporation, chartered under the laws of Delaware, with a domicile in the state of Louisiana, in Caddo Parish, within the Shreveport division of this court and with an agent designated for the service of process, who is a resident and domiciled in said parish and division aforesaid, to whom citation and process herein was addressed and upon whom service was made."

The petition alleges that the plaintiffs are all citizens and residents of Richland parish, which is in the Monroe division, and the question is as to whether the defendant, who is a citizen of another state where jurisdiction of the cause of action rests wholly upon diversity of citizenship, can insist that it be sued in the division where it has its principal place of business and where the officer designated for service of process resides. Defendant relies upon section 114 of title 28, U. S. C., 28 USCA § 114 (Jud. Code § 53), which provides: "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides. * * * *"

Two cases have been cited, one by this court, which is Sanders v. Royal Indemnity Co., 33 F.(2d) 512, and the other being In re Hamrick (D. C.) 175 F. 279, 281. In the first of these cases, the plaintiff was a resident of the Shreveport division and the defendant, a nonresident corporation, had its office and Louisiana agent for service of citation in the Alexandria division, while the suit was brought in the Monroe division. No decisions were cited by either side in that case and none could be found by the court at the time, as stated in the memorandum opinion. It was decided that the case should not be dismissed and was ordered transferred to the Alexandria division. In the case of In re Hamrick the court had followed the course adopted by this court in the Sanders Case; that is, transferred the cause from one division to another. Authority has now been found to support this view, to wit, International Bank & Trust Co. v. Scott (C. C. A. Fifth Circuit) 159 F. 58, and U. S. v. Eddy (C. C.) 28 F. 226. A closer examination of the law would also indicate that the section of the Code relied upon by defendant has no application to a defendant who is not a citizen and resident of the district. See Enc. of Fed. Proced. vol. 2, § 361, wherein it is said: "This provision (section 53 of Judicial Code) has no application in cases in which the defendant is not a resident of the district nor does it impose any limitation as to divisions on plaintiff suing in his own residence district."

The text is sustained by the cases cited in the footnotes. In Reich v. Tennessee Copper Co. (D. C.) 209 F. 880, 881, the plaintiff was a citizen of Tennessee and resident of the Northern division of the Eastern district of said state, while the defendant was a New Jersey corporation, operating copper mines in the Southern division, and the action was one in damages for personal injuries received at the mines. The exception insisted that the suit should have been filed in the Northern division where the plaintiff resided instead of the Southern division. In disposing of the matter, Judge Sanford, afterwards a Justice of the Supreme Court, said:

"The jurisdiction of this cause in the Southern Division of the Eastern District of Tennessee is not taken away, even if the plaintiff be a resident of the Northern Division of the district, by the provision of secton 53 of the Judicial Code [28 USCA § 114], that:

" 'When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides.'

"This provision is clearly limited, in my opinion, to cases in which the suit is brought in the district in which the defendant resides, to which alone its terms can possibly apply, and has no application whatever as a limitation upon local jurisdiction when the suit is not brought in the district in which the defendant resides, but is brought, under the provisions of section 51 [28 USCA § 112] above quoted, in the district in which the plaintiff resides. And as the Code contains no limitation upon the right of the plaintiff to bring such suit against the defendant, where diversity of citizenship exists, in the district in which the plaintiff resides, without reference to the particular division of the plaintiff's residence, I think it clear that the plaintiff may, in such case, bring his suit against the defendant in any division of the district in which the plaintiff is a resident in which the defendant may be found and served with process. This is in direct analogy to the cases holding that as the requirement that suits based upon diversity of citizenship alone shall be brought within a district in which either the plaintiff or the defendant resides, have no application to suits brought against aliens, an alien may be sued, if jurisdiction otherwise exists in the Federal Court of any district in which valid service may be had upon the defendant. In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964; Ladew v. Copper Co. (C. C.) 179 F. 245, 253."

McCullough v. United Grocers' Corp. (D. C. Ohio) 247 F. 880, 881, appears to be directly in point and practically on all fours with the present case. The plaintiff was a citizen of Ohio, residing in the Eastern division of the Northern district of that state. It was "averred" that the defendant "is a corporation, organized and existing under the laws of the state of Delaware, and is engaged in the wholesale grocery business in the city of Toledo," in the Western division of this district. The service was made upon the secretary-treasurer of the corporation, at its principal place of business in Toledo. The defendant excepted that the action could only be brought in the Western division and consequently that the defendant, being a foreign corporation, could only be served through its "managing agent." While the court found the service bad as not complying with the state law requiring service upon the managing agent, it was said:

"In my opinion, this case is controlled, not by section 53, but by section 51 of the Judicial Code. The latter section provides that, where jurisdiction is founded upon diversity of citizenship, the suit shall be brought only in the district of the residence of either the plaintiff or defendant. The defendant, being a foreign corporation, it is settled law, is a citizen and resident only of the state under the laws of which it is organized; and, inasmuch as the plaintiff is a citizen and resident of the Northern district of Ohio and of the Eastern division thereof, and the defendant a citizen and resident only of the state of Delaware, this action was properly instituted in the Eastern division. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 204, 13 S. Ct. 44, 36 L. Ed. 942. See Simkins' Federal Suit in Equity, pp. 109, 115, where the authorities are cited and reviewed."

See, also, U. S. v. Southern Railway of Kentucky (D. C.) 285 F. 766.

My conclusion is that the plea to the venue must be overruled. Proper decree should be presented.