## LAVIETES v. FERRO STAMPING & MFG. CO. et al.
### No. 592.

District Court, E. D. Michigan, N. D.
June 29, 1937.

Rich, Munro and Willis, of Detroit, Mich., for plaintiff.

Wiley, Streeter, Smith & Ford and Barnes, Kisselle, Laughlin & Raisch all of Detroit, Mich. (Stuart C. Barnes, of Detroit, Mich., of counsel), for defendants.

TUTTLE, District Judge.

The plaintiff is a resident of the state of New York. There are eleven defendants. Four are Michigan corporations having their principal offices and places of business in the Southern Division of the Eastern District of Michigan. Three are individuals, each residing within the Southern Division of the Eastern District of Michigan. The remaining four defendants are foreign corporations, respectively of the states of Ohio, Connecticut, Delaware, and Pennsylvania. None of the defendants are residents of the Northern Division of the Eastern District of Michigan. Neither do any of the defendants maintain their offices or principal places of business within said Northern Division of this District. All defendants who were served with process were served in the Southern Division and none were served in the Northern Division.

Nine of the defendants have appeared specially and moved to set aside the service and dismiss the bill of complaint for want of jurisdiction of the defendants because the action alleged in the bill of complaint is not one which in its nature is local to the Northern Division of the Eastern District of Michigan. The bill of complaint shows, and it is admitted, that the plaintiff is a nonresident and the cause of action does not grow out of any business conducted by the defendants or any of them in the Northern Division of the district. Federal jurisdiction is invoked solely upon the diversity of citizenship. There is no question but that plaintiff could have brought the suit in the Eastern District of New York, where he resides, and there is no question but that he has a right to bring his suit in the Eastern District of

Michigan, where several of the defendants reside. The only question involved is whether the plaintiff is limited within the Eastern District of Michigan to the Southern Division, which is the only division of said district in which any of the defendants reside, or whether he is at liberty to bring his suit in either one of the two divisions of the district.

The plain language of the Judicial Code seems to answer the question. Michigan contains two judicial districts, viz., the Eastern District and the Western District. Each of these districts contains two divisions, viz., a Northern Division and a Southern Division.

■ If this nonresident plaintiff wished to avail himself of his right to sue the defendants in the state of Michigan where some of the defendants reside, he must come to the Eastern District of Michigan, where some of the defendants reside, and he could not go to the Western District where none of the defendants reside. His suit is, therefore, brought in the proper district according to the provision of sections 112 and 113 of title 28 of the United States Code Annotated, reading as follows:

"§ 112. * * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. * * *

§ 113. When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district."

There are, however, two divisions in the Eastern District of Michigan, and in order to determine whether this nonresident plaintiff may select either division or whether he is limited to the division in which some of the defendants reside, we need only to turn to section 114 of title 28 of the United States Code Annotated, reading as follows:

"When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division."

■ It will be noted that Congress used almost the same words and sentence in giving instructions as to selecting the proper division within the district as was used in giving instructions as to selecting the proper district within the state. On the facts of our case, sections 112 and 113 eliminate the Western District of Michigan and point to the Eastern District as the only one available. Section 114 eliminates the Northern Division of the Eastern District and clearly states that if this suit is brought in Michigan it must be brought in the Southern Division of the Eastern District. Page v. Chillicothe (C.C.) 6 F. 599; United States v. Eddy (C.C.) 28 F. 226.

Counsel for plaintiff, in a carefully prepared brief, contend that the special act creating the two divisions in the Eastern District of Michigan should prevail over the general law above quoted, and that the special act contains language which permits the bringing of a suit by a nonresident plaintiff against a resident of the district in either division which the plaintiff wishes to select. The special act in question is found in section 168, title 28, United States Code Annotated, reading as follows:

"The State of Michigan is divided into two judicial districts, to be known as the eastern and western districts of Michigan. The eastern district shall include the territory * * * which shall constitute the northern division; also the territory * * * which shall constitute the southern division of said district. Terms of the district court for the southern division shall be held at Detroit on * * *; for the northern division, at Bay City on * * *. The western district shall include the territory * * * which shall constitute the northern division; also the territory * * * which shall constitute the southern division of said district. * * * All issues of fact shall be tried at the terms held in the division where such suit shall be commenced. Actions in rem and admiralty may be brought in whichever division of the eastern district service can be had upon the res. Nothing herein contained shall prevent the district court of the western division [erroneously printed western division] from regulating, by general rule, the venue of transitory actions either at law or in equity, or from changing the same for cause. * * *

The clerk of the court for the eastern district shall keep his office at the city of Detroit, and shall appoint a deputy for the court held at Bay City, who shall reside and keep his office at that place. The marshal for said district shall keep an office and a deputy marshal at Bay City, and mileage on service of process in said northern division shall be computed from Bay City."

It will be observed that there is nothing in this special act which in any way attempts to direct in which one of the two divisions of the Eastern District of Michigan suits may be brought. This silence cannot be construed as authority for a nonresident plaintiff to select either division, and, on the other hand, it must be construed as leaving the Eastern District of Michigan subject to the general law which provides that a nonresident plaintiff must bring his suit, if not of a local nature, in that division of the district in which the defendant resides.

The only unusual provision of the special act relative to the Eastern District of Michigan is the requirement that "all issues of fact shall be tried at the terms held in the division where such suit shall be commenced." It will be noted that by the terms of the act the strict provisions of the words last quoted were relaxed for the Western District of Michigan. The bill which brought this language into the special act was introduced by a congressman living in and elected from the Northern Division of the Eastern District of Michigan. This provision has nothing to do with where suits are to be brought. The plain purpose and the only purpose of the last-quoted language was to prevent the trial of cases in a division other than the one in which the case was started. It was feared that cases filed at Bay City in the Northern Division of the district would be removed to the Southern Division for trial at Detroit. It has nothing to do with the question now under consideration.

Counsel for plaintiff contend further that even though suit by a nonresident plaintiff could not be brought in the Northern Division against a defendant resident in the Southern Division, this suit is properly brought in the Northern Division because four of the defendants are foreign corporations. Cases are cited which it is claimed uphold this contention. The cases so cited do not apply because they are cases in which the suit was brought in the district in which the plaintiff had his residence. There is no restriction which limits the suit to the division of the district in which the plaintiff resides comparable in any way with section 114 of the Code, which does limit the suit to the division in which the defendant resides. Some of the cases so cited and so holding are: Kibbler v. St. Louis & S. F. R. Co. (C.C.) 147 F. 879; Reich v. Tennessee Copper Co. (D.C.) 209 F. 880; McCullough v. United Grocers' Corporation (D.C.) 247 F. 880.

The nonresident defendants could not be sued in any division of this district by this plaintiff because of the above-quoted provisions of section 112, title 28 of the United States Code Annotated. Although it is here dictum, it is readily conceded as held in the three cases just cited that where there is diversity of citizenship a plaintiff may bring a suit in any division of the district in which he resides against a nonresident defendant. On the other hand, if that same plaintiff brings his suit in the district in which the defendant resides, the suit must be in that division in which the defendant has his residence. It follows that this plaintiff in this kind of an action could not bring suit against any one of the defendants in the Northern Division of this district.

Counsel for plaintiff request that if the court holds that the suit was improperly filed in the Northern Division, the case be transferred to the Southern Division. The power of the court to so transfer the case is attended with doubt. This doubt is made more serious by the quoted language from the special act which provides that "all issues of fact shall be tried at the terms held in the division where such suit shall be commenced." A further reason is that these foreign corporations cannot be sued in the federal courts of this state by a citizen of a state other than Michigan in an action depending entirely upon diversity of citizenship. Such suits must be brought in the state where all the plaintiffs or all the defendants reside. Smith v. Lyon, 133 U.S. 315, 10 S.Ct. 303, 33 L.Ed. 635; McCormick Mach. Co. v. Walthers, 134 U. S. 41, 10 S.Ct. 485, 33 L.Ed. 833; Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; Macon Grocery Co. v. Atlantic Coast Line R. R. Co., 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; Turk et al.

564

v. Illinois Central R. Co. et al. (C.C.A.) 218 F. 315. An added reason based on justice argues against so transferring the case. An increasing number of cases are being filed in the Northern Division of this district which raise the same question. In many of these cases the fault is waived by a general appearance entered by counsel for defendant prior to learning the law relative thereto. In other similar cases, settlements are obtained. There is no reason to suggest that this suit was erroneously brought in the Northern Division for any improper purpose. The court is of the opinion that it is a practice which should be discouraged. The motion to dismiss is granted and an order will be entered dismissing the bill.