HAMMERGREN *v.* SCHURMEIER and others.

*(Circuit Court, D. Minnesota.* June, 1881.)

1. CONTRIBUTORY NEGLIGENCE.

Certain evidence set out in the opinion *held* to show contributory negligence on the part of the plaintiff and preclude recovery for injuries received by the fall of an elevator.

Motion of Plaintiff for a New Trial.

*Tilden R. Selmes,* for the motion.

*Gordon E. Cole, contra.*

NELSON, D. J. I have again carefully examined the evidence, and must deny the motion made by plaintiff's counsel. The plaintiff had been in the employ of the defendants for nearly a year previous to the accident, and had often operated the elevator in the mill. He was at work in the packing room of the mill, upon the last floor to which the elevator descended, and was injured by the sudden descent of the elevator, while he was sweeping the floor just under the opening through which the elevator operated. The defendants were using it, and in progress of ascending, when it fell, and one of them had leaped to a floor above as the elevator was passing, and the other came down with it to the room it had started from.

The elevator was attached by a steel rope to a drum on a revolving shaft in the upper story of the mill, and could be started or stopped by throwing the belts from loose to fixed pulleys, or from fixed to loose pulleys, on the shaft. An iron rod attached to the machinery, and running down near one of the posts on which the elevator moved up and down, was used

to throw off and on the pulleys the belt which gave motion to the revolving shaft. The steel rope, which was attached to the elevator and drum, was longer than necessary to allow the elevator to go down to the lowest floor by several feet, and this surplus was coiled around the drum. There was an adjustable cam or set screw on the moving part of the elevator, and a collar on the iron rod in the lowest room, where plaintiff worked; and if the cam was screwed up tight when the elevator came down, it would hit the collar and operate the iron rod and throw the belt off the fixed pullies and stop the machinery; but if the cam was not screwed up tight and adjusted so that the rope was taut when the machinery stopped, the drum would revolve and the rope unwind so as to become slack.

The plaintiff had frequently used the elevator and knew how to stop and start it, and knew that the cam required to be adjusted when the defendants started to go up, and that the rope was more slack than usual. He neither adjusted the cam so as to take up the slack and make the rope taut, nor informed the defendants, when they went on the elevator to ascend, that the rope was slack. The negligence of the defendants can be attributed only to the fact that they went upon the elevator and proceeded to operate it when the rope was slack; but the plaintiff, in proving this conduct of the defendants, also proves that, with knowledge that this rope was slack, he did not adjust it, although a wrench was in the room with which it could be done, and did not notify the defendants, but immediately as the elevator ascended went under it to sweep and was injured. This was negligence on the part of the plaintiff; and one who, by his negligence, has brought injury upon himself, cannot recover damages for it.

Motion denied.