## FIERMAN v. FRANKFORT BROOM CO. et al.

No. 5192.

Circuit Court of Appeals, Third Circuit.

March 1, 1934.

Rehearing Denied April 9, 1934.

E. H. Sheporwich and H. H. Weintraub, both of Wilkes-Barre, Pa., for appellant.

Frank Slattery, Jr., of Wilkes-Barre, Pa., and R. Rutledge Slattery, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Middle District of Pennsylvania denying a motion to dismiss a petition in bankruptcy and allowing amendments thereto. On February 16, 1933, a petition in bankruptcy, accompanied by an affidavit by Frank Slattery, Esq., designating himself as attorney in fact, was filed against the alleged bankrupt. On March 6, 1933, after a receiver had been appointed, his bond approved, and other procedural orders made, including the appointment of attorneys for the receiver, the bankrupt moved to dismiss the petition in bankruptcy upon the grounds that it had not been signed by any of the three creditors mentioned therein; that it set forth no reason why it had not been so signed; and that it did not allege sufficient facts to constitute acts of bankruptcy. The petitioning creditors, the appellees herein, through Slattery as their attorney in fact, moved to dismiss the motion to dismiss the petition in bankruptcy. On April 11, 1933, they filed a petition setting out that on February 15, 1933, they had executed powers of attorney designating Slattery as their attorney in fact, to which petition the powers of attorney were attached; and that Slattery, before and at the time of filing the petition in bankruptcy, had full authority as their attorney in fact to file the bankruptcy petition and to make the affidavit thereto. They prayed for leave to amend by setting out acts of bankruptcy based upon the transfer by the bankrupt, while insolvent, of sums of money to certain of his creditors with intent to prefer such creditors; and upon the conveyance, transfer, concealment, or removal of certain sums of money with intent to hinder, delay, or defraud his creditors. On June 1, 1933, the court allowed the amendments prayed for, nunc pro tunc. The appeal is from that order.

Under General Order in Bankruptcy 11 (11 USCA § 53), authorizing courts of bankruptcy to allow amendments, such allowance is within the sound discretion of the court and ordinarily such discretion will not be disturbed. Upon examination of the record in the instant case, we find that the petition for leave to amend was filed promptly when the facts came to the knowledge of the appellees. Under exceptional circumstances this court has allowed amendments nunc pro tunc as within the four months although the time had expired. Hark v. Allen Co. (C. C. A.) 146 F. 665.

The petition to amend sets out five acts of bankruptcy and gives details as to the creditors alleged to have been unlawfully preferred, and the amounts of the preferences. There are, however, no specific dates pleaded so as to show that the acts occurred within four months of the filing of the petition in bankruptcy. Had the petition to amend prayed for leave to substitute the allegations contained therein for those set forth in paragraph 5 of the petition in bankruptcy, there might have been reason to hold that the amended petition was defective and should be dismissed. The prayer, however, is for leave to add the allegations as to the five acts of bankruptcy to those already contained in par-

agraph 5 of the original petition. That paragraph contains an allegation that the acts of bankruptcy were committed within the four months prior to the filing of the petition. The amendments prayed for, therefore, sufficiently charge, by reference to the paragraph sought to be amended, that the additional and specific acts of bankruptcy were committed within four months prior to the filing of the original petition.

Our rulings herein are to be construed as applying solely to the exceptional facts in the instant case, and not as establishing a precedent for bolstering defective pleadings by wholesale amendments.

The order is affirmed.