# In re MEADVILLE PENNSYLVANIA DISTILLING CO., Inc.

### No. 21376.

District Court, W. D. Pennsylvania.

Feb. 4, 1943.

Lewis M. Alpern, of Pittsburgh, Pa., for petitioning creditors.

Abraham Herman, of Pittsburgh, Pa., for bankrupt.

SCHOONMAKER, District Judge.

On December 10, 1942, Laurence B. Starr, Paul R. Knapp, Clair A. Jackson, Harrison W. Trask, John F. Shanley, and Melvin T. Knapp, doing business as Calvin, Jackson & Starr (a partnership); S. D. Lord and C. L. Thurston, doing business as L. L. Lord Company (a partnership); and A. N. Hilgendorf, filed an involuntary petition in bankruptcy against Meadville Pennsylvania Distilling Company, Incorporated, alleging that said corporation committed an act of bankruptcy, in that in November, 1942, it did admit in writing its inability to pay its debts and its willingness to be adjudged a bankrupt. To this petition, Eugene Liegler, Jr., Secretary and Treasurer of the alleged bankrupt, purporting to act for it and a majority of its shareholders, filed an answer denying the validity of the alleged admission of the bankrupt corporation to pay its debts and its willingness to be adjudged a bankrupt; and moved to dismiss the involuntary petition.

On January 8, 1943, the petition, answer and motion to dismiss were referred by this court to Ritchie T. Marsh to hear and determine all matters in controversy, with power to pass upon and permit amendments to pleadings if deemed proper, and to make such order or orders as he might deem meet in the premises.

On January 11, 1943, Baldwin & Welcomer Company, Karl A. Miller, and Snyder, Hull, Leiby and Metzger, filed a petition in this court for leave to intervene as petitioning creditors herein. On the same day this court made an order allowing this intervention. On the same day also, the petitioning creditors herein filed a petition to amend the original petition in bankruptcy, by adding thereto the following alleged acts of bankruptcy, towit: "That within four months next preceding the filing of the said creditors' petition, the said Meadville Pennsylvania Distilling Company, Inc., committed further acts of bankruptcy in that it transferred, while insolvent, a portion of its property to one or more of its creditors with intent to prefer such creditors over its other creditors; the said transfer or transfers consisting of the payment of the sum of $2859.15 on the 5th day of November, 1942, to Remler-Shuman Agency, then and there a general creditor, and the payment of the sum of $3900.00 on the 1st day of October, 1942, to A. S. Auerbach, then and there general creditors, with the intent to prefer such creditors over the other creditors of the said Meadville Pennsylvania Distilling Company, Inc."

A rule to show cause was granted on this petition to amend, returnable January 16, 1943. On that date, Eugene Ziegler, Jr., Secretary and Treasurer of the alleged bankrupt, moved to dismiss the petition to amend the involuntary petition, on the ground that the petition to amend introduces two new acts of bankruptcy, and set forth no reason for the failure to include these alleged acts of bankruptcy in the original petition, as required by General Order XI of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53.

The additional acts of bankruptcy set forth in the petition to amend are alleged to have occurred within four months of the filing of the original petition, being respectively on October 1, 1942, and November 5, 1942 (which is also within four months of the date of the filing of the petition to amend). And it is alleged that these additional acts came to the attention of petitioning creditors after the original petition was filed.

In our opinion, these allegations sufficiently bring this proposed amendment within the provisions of General Order XI.

The cause of the error in the original petition is sufficiently stated in the third paragraph of the petition to amend in its statement that the facts as to these preferential payments did not come to the attention of petitioning creditors until after the original petition was filed.

We therefore conclude that the petition to amend was timely and should be allowed. This view is supported by a well-considered opinion by Patterson, D. J., In the Matter of Grand Martin Ice Cream Co., Inc., 7 F. 766, 25 A.B.R.,N.S., 326. See also Collier on Bankruptcy, 14th Ed., Vol. 2, page 49.

The motion in behalf of the alleged bankrupt will be denied. Orders are entered herewith accordingly.