In the Matter of Phillip D. MILLER, Bankrupt.

No. B-66-3-D.

United States District Court E. D. Illinois.

Jan. 5, 1967.

See also D.C., 262 F.Supp. 295.

Walter R. Stewart, Champaign, Ill., for bankrupt.

John T. Allen, Danville, Ill., for petitioning creditors.

## OPINION

WISE, District Judge.

This matter is before the Court on a Petition for Review of an Order entered by William P. Carter, Referee in Bankruptcy, on October 11, 1966, wherein the bankrupt's Motion to Dismiss an Amendment to the Creditors' Petition was denied.

The record discloses that an involuntary bankruptcy proceeding was instituted by the filing of a Creditors' Petition on January 4, 1966, wherein it was requested that Phillip D. Miller be adjudged a bankrupt. The creditors filing said petition were M. Edward Robbins, William Weinberg, and Robert A. Trowbridge. Service was had upon the alleged bankrupt by publication. The alleged bankrupt failed to appear to plead within the time permitted and on January 21, 1966, he was adjudged a bankrupt.

On February 11, 1966, an Entry of Appearance was filed on behalf of the bankrupt by his attorney and on February 15, 1966, his attorney filed a petition to set aside the adjudication. This petition was ultimately stricken by the Referee. On a Petition for Review decided simultaneously herewith, said Order of the Referee was reversed, the adjudication of bankruptcy was vacated, and the bankrupt given ten days within which to plead any defense that he might have to the Creditors' Petition that was filed on January 4, 1966.

On March 1, 1966, the bankrupt also filed a Motion to Dismiss the Creditors' Petition for the reason that no act of bankruptcy was shown in that the act of bankruptcy alleged in said Creditors' Petition was based on a void judgment.

No hearing has been held and no Order has been entered by the Referee on said Motion. Litigation is pending in the Illinois Courts concerning the validity of said judgment and the Referee in Bankruptcy has apparently been awaiting the outcome of that litigation before passing on the bankrupt's Motion to Dismiss.

On March 15, 1966, pursuant to a written motion and order thereon, the creditors who filed the January 4, 1966, Creditors' Petition were granted leave to file an amendment to their original Creditors' Petition and said amendment was filed on March 15, 1966. The amendment alleged additional acts of bankruptcy based on judgment liens allegedly obtained against the bankrupt on December 2, 1965, and December 16, 1965. The bankrupt's Motion to Dismiss this amendment was denied by the Referee and it is this Order that is now before the Court on a Petition for Review filed by the bankrupt.

In his certificate on Petition for Review, the Referee in Bankruptcy stated "that the question presented by the Petition for Review is whether the Referee, in his discretion, may permit an amendment setting forth acts of bankruptcy not alleged in the original Creditors' Petition if the new alleged acts of bankruptcy occurred less than four months prior to the date of such amendment."

The bankrupt contends that (1) it was an abuse of discretion to allow said amendment because the additional acts of bankruptcy alleged in the amendment were well known to the petitioning creditors and their attorney at the time original Creditors' Petition was filed, and hence, should have been included in the original Creditors' Petition, and (2) an amendment alleging acts of bankruptcy occurring subsequent to the act alleged in the original Creditors' Petition is improper.

█ With respect to the bankrupt's second contention, it has been held that the Bankruptcy Court, in its discretion, may permit an amendment to set forth an act of bankruptcy not alleged in the original petition. In re Meadville Penn-

sylvania Distilling Co. (D.C.W.D.Penn. 1943), 51 F.Supp. 586; In re Hamrick (D.C.N.D.Ga.1909), 175 F. 279. 2 Collier on Bankruptcy, 18.26. It has further been held that, ordinarily, the discretion of the Bankruptcy Court in allowing amendments to the involuntary petition will not be disturbed. Fierman v. Frankfort Broom Co. (CA–3, 1934), 69 F.2d 827. The issue thus narrows to the question of whether, under the facts and circumstances of the case, the Referee was guilty of an abuse of discretion in allowing the amendment to be filed.

■ There was no abuse of discretion by the Referee in allowing the amendment to the original Creditors' Petition. It is apparent that the amendment was provoked by the bankrupt's collateral attack on the judgment of Investors Commercial Corporation which constituted the act of bankruptcy set forth in the original Creditors' Petition and that this collateral attack was first raised after the adjudication of bankruptcy. If the judgment of Investors Commercial Corporation (dated September 21, 1965) had been attacked directly by the bankrupt in the State Court prior to the filing of the original Creditors' Petition in this Court, then it is only reasonable to conclude that the petitioning creditors would have inserted in the original Creditors' Petition the alleged judgment lien of William Weinberg and Goldie Weinberg acquired on December 2, 1965, as an additional act of bankruptcy. It therefore seems only reasonable that, by virtue of the bankrupt's collateral attack on the September 21st judgment, the creditors should be permitted to amend by alleging other judgments obtained after September 21, 1965. The judgment lien of John T. Allen (acquired on December 16, 1965) alleged in the amendment had not yet ripened into an act of bankruptcy at the time the original Creditors' Petition was filed on January 4, 1966, and hence, it could not have been included in the original Creditors' Petition.

The Court fails to see any merit in the bankrupt's contention that the additional acts of bankruptcy set forth in the amendment could only be raised by the filing of a Creditors' Petition in an entirely new bankruptcy proceeding. If the bankrupt has any defenses to the alleged acts of bankruptcy, he can raise them as well in the existing bankruptcy proceeding as he could have in any bankruptcy proceeding that the creditors would have been compelled to file if the Referee had not permitted the filing of the amendment. The bankrupt will be given an opportunity to plead any defenses to the alleged new acts of bankruptcy, and by virtue of an Order being entered simultaneously herewith, the bankrupt will also be given an opportunity to plead any further defenses he might have to the act of bankruptcy originally alleged in the January 4, 1966, Creditors' Petition. There is nothing in the record to indicate that the bankrupt has been prejudiced in any way by virtue of the fact that the alleged Weinberg judgment lien was not included as an additional act of bankruptcy in the original Creditors' Petition instead of being added by amendment. The same can be said of the alleged Allen judgment lien that ripened into an act of bankruptcy after the original Creditors' Petition was filed. If the bankrupt has a defense to the three alleged acts of bankruptcy, the bankruptcy proceeding will ultimately be dismissed. If he has no defense, then it would actually have been a waste of the bankrupt's assets for the Referee to have denied the amendment and thereby put the creditors to the expense of instituting an entirely new bankruptcy proceeding for the purpose of alleging the additional acts of bankruptcy which they alleged in the amendment to the Creditors' Petition.

Since there is adequate authority for allowing amendments setting up acts of bankruptcy occurring after the act alleged in the original Creditors' Petition, and since there are also facts and circumstances present in this case justifying the action taken, it is the opinion of the Court that it was proper for the Referee to allow the filing of the amendment. The Referee's Order denying the bank-

rupt's Motion to Dismiss said amendment will therefore be affirmed.

This opinion shall serve as the Court's findings of fact and conclusions of law, and an Order will be entered in accordance therewith.